(Decided 25th June, 1885.)

---

JAMES WILSON PATTERSON, WILLIAM PATTERSON and W. HALL HARRIS, Executors *vs.* THOMAS J. WILSON, and HENRY R. WILSON, Surviving Trustees.

*Will—Execution of Power—Costs.*

The donee of a power may execute it without referring to it, and without taking any notice of it, provided the intention to execute it really appears.

If there is no express reference to the instrument creating the power, there should be some special reference to the subject on which it is to operate, or some circumstance leading to the conclusion that its execution was intended.

Under the wills both of the father and mother of M. L. P., real and personal property was devised to trustees in trust for the said M. L. P. during her life, with the power to her of disposing of the same by will. M. L. P. died leaving a will in which, with the exception of certain specific bequests of articles of personal property, all the property disposed of is described as "all the rest, residue and remainder of my estate, real, personal and mixed, wheresoever situated and to which I am in any manner whatever entitled." A bill was filed by said trustees, seeking among other things a construction of said will. The bill contained an averment that the said M. L. P. at the time of her death had, besides that held in trust for her, other property, both real and personal, which she held in her own right absolutely and in fee simple; and no proof was offered tending to show that there was no other property upon which her will could operate, except that subject to the power created by the wills of her father and mother. HELD:

13 v. 64.

1st. That as there was no reference in the will of M. L. P. to the power created by the wills of her father and mother, nor to the subject on which the power was to operate; and as it was averred in the bill of complaint and no where denied, that she had other property, her will would be operative without the aid of the power, and could not be regarded as an execution of said power.

2nd. That the property held in trust, under the wills of her father and mother, must be held and distributed in conformity with the provisions of those wills.

3rd. That as the trustees desired and invoked a judicial construction of the will in question, the costs should be paid out of the funds in their hands as trustees.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., YELLOTT, STONE, MILLER, IRVING, RITCHIE, and BRYAN, J.

*W. Hall Harris,* and *E. Calvin Williams,* for the appellants.

*Wm. H. Brune, Jr.,* for the surviving trustees.

*Richard F. Kimball,* for James Wilson Patterson and others, individually.

YELLOTT, J., delivered the opinion of the Court.

The bill of complaint in this cause was filed in the Circuit Court of Baltimore City by the appellees who are the surviving trustees under the last wills and testaments of James Wilson, deceased, and of Mary Wilson, deceased, who were husband and wife. The said James departed this life in 1851, and his widow in 1869, each having made and executed a testamentary disposition of property. These proceedings were instituted by the trustees for the purpose

of obtaining directions from the Court in relation to the transfer of certain property and estate left by said decedents to their daughter Mary L. Patterson, and for a judicial construction of certain clauses in the last will and testament of said Mary L. Patterson ; the trustees holding said property in trust for the said Mary L. Patterson during her life, and in the event of her intestacy, then in trust for her issue in conformity with the following clause in the will of said James Wilson, and a similar provision in the will of said Mary Wilson. The clause in the will of the said James now referred to, reads as follows :

" It is my will and desire that each of my said children, including my daughters, whether single or married, shall have power by last will and testament, or instrument of writing in the nature of a last will and testament, whether the same shall be made in my life-time or after my decease, and although such child may die before me, to dispose of absolutely or in any manner he or she may think proper, all the property, real, personal or mixed, bequeathed or devised immediately or by way of remainder, to or in trust for him or her by this my will, or which may come or pass to him or her under or by virtue of any of the clauses or provisions of this my will, and such property shall pass and be distributed in all respects according to the will, or instrument in the nature of a will of such child. None of my said daughters are to have the power of disposing of the property left in trust for them respectively, except by will as aforesaid."

In the will of Mary Wilson certain property is devised and bequeathed to the said Mary L. Patterson with the same limitations and powers.

By the last wills and testaments of her said parents, it is also provided that if the said Mary L. Patterson should die intestate as to the property left in trust for her, the share or shares of such of her issue as may be under the disability of infancy shall remain and continue in trust

until the son or sons shall arrive at the age of twenty-one years, and the daughter or daughters at the age of eighteen, at which time their respective shares shall be payable, and the trust shall cease and close as to them respectively.

On the 12th day of August, 1884, the said Mary L. Patterson departed this life, leaving a last will and testament and children and grandchildren, one of her children having died, leaving an infant surviving her, the said Mary L. Patterson. All the children and grandchildren are parties to these proceedings.

In the bill of complaint it is distinctly and explicitly averred that the said Mary L. Patterson, at the time of her death, had, besides that held in trust for her as aforesaid, other property both real and personal, which she held in her own right, absolutely and in fee simple; and there has been no adduction of proof tending to show that there was no other property upon which her will could operate except that subject to the power created by the wills of James and Mary Wilson. The said Mary L. Patterson in her last will and testament, duly admitted to probate, after certain specific bequests of articles of personal property, describes all the other property thus disposed of as "all the rest, residue and remainder of my estate, real, personal and mixed, wheresoever situated and to which I am in any manner whatsoever entitled."

In the Court below it was decided that, as the will of Mary L. Patterson did not, either in express terms or by necessary implication, indicate an intention to execute the power created by the wills of James and Mary Wilson, the property held in trust as aforesaid, must be held and distributed in conformity with the provisions contained in their wills, to which reference has already been made. Whether there was a sufficient indication of an intent to execute the power created as aforesaid, is therefore the sole question presented for determination by this appeal.

Upon an inspection of the will of Mary L. Patterson, it at once becomes apparent that there is not the slightest reference made to the power created by the wills antecedently executed by her parents. It has however, been decided that the donee of a power may execute it without referring to it, and without taking any notice of it, provided the intention to execute the power really appears. *Smith vs. Adkins,* 41 *L. J. Chanc.,* 628; *Doe dem. Smith vs. Bird,* 5 *B. & Ad.*, 695; *Sugden on Powers,* 373.

But a person taking under the execution of a power does not derive his title from the donee, but from the donor under the authority of the instrument creating the power. *Bradish vs. Gibbs,* 3 *John. C. R.,* 523.

If, therefore, there is no express reference to the instrument creating the power, it is apparent that there should be some special reference to the subject on which it is to operate, or some circumstance leading to the conclusion that its execution was intended. Thus in *Doe dem. Caldecott vs. Johnson,* 7 *Man. & Gran.,* 1047, where it appeared that a testator, holding property for life with a power to devise or convey, had in general terms devised and bequeathed all his real and personal estates, it was held that the will was not a good execution of the power, because it contained no reference to the power, or to the property on which it was to operate, or to anything from which it could be inferred that the testator in framing the will had the power in his contemplation. And there being no evidence adduced by either party at the trial as to whether the testator had or had not any other real estate upon which his devise could operate, it was further held that the *onus probandi* rested upon him who claimed under the will as an effective execution of the power; and that it lay upon him to establish the negative proposition that the testator possessed no such property.

It has long been the settled doctrine in England, that where the power is not referred to, the property subject

to its operation must be mentioned, so as to indicate that the disposition was intended to affect it; or, in other words, the donee must do such an act as to show that he has in view the thing of which he has the power to dispose. When this question has arisen in the construction of wills, it seems to have been firmly settled that a mere general devise or bequest, however unlimited in terms, will not comprehend the subject of the power, unless it refer to the subject, or to the power itself, or unless an intent to execute it becomes apparent from circumstances tending to such a conclusion. *Lowson vs. Lowson,* 3 *Bro. C. C.,* 272; *Moulton vs. Hutchinson,* 1 *Atk.,* 558; *Hales vs. Morgerum,* 3 *Ves. Jr.,* 299.

In 3 *Ves. Jr.,* 301, Lord ALVANLEY distinctly stated the true rule to be that "in the execution of a power there must be a direct reference to it, or a clear reference to the subject, or something upon the face of the will, or, independent of it, some circumstances which show that the testator could not have made that disposition without having intended to comprehend the subject of the power."

In recognition of this doctrine, Chancellor KENT says, that "in the case of wills, it has been repeatedly declared, and is now the settled rule, that in respect to the execution of a power, there must be a reference to the subject of it, or to the power itself; unless it be in a case in which the will would be inoperative without the aid of the power, and the intention to execute the power became clear and manifest." 4 *Kent Comm., marg.* 334.

This Court has recognized and adopted the rule as settled in England, and as so clearly and concisely stated by the eminent jurist just mentioned. *Morey, Ex'x of Michael vs. Michael,* 18 *Md.,* 241; *Md. Mut. Ben't Society of Red Men vs. Clendinen, Adm'r, &c.,* 44 *Md.,* 429; *Foos vs. Scarf, et al.,* 55 *Md.,* 309.

In the case in 55 *Md.,* it is said that "the intention to execute the power must appear by a reference in the in-

strument to the power, or to the subject of it, or from the fact that the instrument would be inoperative without the aid of the power."

In the will of Mary L. Patterson there is no reference to the power, nor to the subject on which it was to operate; and as it is averred in the bill of complaint, and nowhere denied, that she had other property her will would not be inoperative without the aid of the power. There was, therefore, no error in the ruling of the Circuit Court, and its decree should be affirmed. But as the appellants desired and invoked a judicial construction of the will in question, the costs should be paid out of the funds in their hands as trustees.

*Decree affirmed.*