MATILDA MASON *vs.* LAURA WHEELER *et al.*

To give effect to an instrument as an execution of a power the intention of the donee of the power to execute it must be so apparent and clear that the instrument is not fairly susceptible of any other interpretation.

A testatrix gave to her husband, subject to his right of curtesy, all her estate in trust to pay over the income to her daughter during her life, with direction that upon the daughter's death the trust estate should be conveyed and paid over to such persons as the daughter should by will appoint, and in default of such appointment, it should go to a designated class.

The daughter died leaving a will in which after providing for the payment of debts, etc,, and giving a pecuniary and other legacies, she disposed of the residue of her estate in the following terms :

"I give, devise and bequeath to my father, J. M. W., all the rest and residue of my estate, real and personal, of every name and nature and wheresoever situated or being, to him said J. M. W. his heirs and assigns forever, should he survive me."

The will did not refer to the power and made no mention or reference specifically to the property which was subject to the power.

The father survived the daughter.

*Held*, that the daughter's intention to execute the power of appointment being doubtful, the residuary clause did not execute the power.

BILL IN EQUITY.   Heard on pleadings and proof.

*March* 16, 1895.   MATTESON, C. J.   This is a bill for discovery and an account.   The case is as follows :   Adaline M. Wheeler, of Cranston, died March 12, 1882, leaving a last will and testament, duly admitted to probate, in which she devised unto her husband, Jonathan M. Wheeler, subject to his tenancy by the curtesy, all her estate, in trust, to pay the income to her daughter, Emma Louise, wife of Charles Blake, for her sole and separate use during the term of her natural life.   On the decease of Mrs. Blake, the testatrix directed that all of the trust estate and fund then remaining should be conveyed and paid over to such persons and for

such use as Mrs. Blake should by her last will and testament direct and appoint, but if·she should die leaving no last will and testament directing the disposition of said estate, it should descend to and be distributed among those who would be entitled to it according to the statute of descent and distribution at that time in force in this State, as if she, the testatrix, had then died intestate.

Mrs. Blake died May 26, 1890, leaving a last will and testament dated August 6, 1884, duly admitted to probate, in which, after providing for the payment of debts, funeral charges and expenses of settling her estate, giving a pecuniary legacy and disposing of certain articles of personal property, she gave, devised and bequeathed the residue of her estate in the following terms, namely: "I give, devise and bequeath to my father, Jonathan M. Wheeler, all the rest and residue of my estate Real and Personal of every name and nature and wheresoever situated or being to him said Jonathan M. Wheeler his heirs and assigns forever should he survive me."

The question arising on these facts is, whether or not the devise in the will of Mrs. Blake to her father, Jonathan M. Wheeler, was an execution of the power of appointment conferred on Mrs. Blake in the will of her mother, Mrs. Wheeler.

The rule in relation to the execution of powers, as stated by Mr. Justice Story, in *Blagg* v. *Miles*, 1 Story, 446, which may be regarded as a leading case in this country on the subject, is that if the donee of the power intends to execute, and the mode be in other respects unexceptionable, the intention, however manifested, whether directly or indirectly, positively or by implication, will make the execution valid and operative; but the intention must be so apparent and clear that the instrument is not fairly susceptible of any other interpretation. If, considering all the circumstances, the intention be doubtful, the doubt will prevent the instrument from being deemed an execution of the power. It is not necessary, however, that the intention to execute should appear by express terms or recitals in the instrument; it is sufficient if it appears by words, acts or deeds demonstrating

the intention. In the case referred to three classes of cases are enumerated which have been held to be sufficient demonstrations of an intended execution of a power: 1, where there has been some reference in the will or other instrument to the power; 2, a reference to the property which is the subject on which the power is to be executed; 3, where the provision in the will or other instrument executed by the donee of the power would otherwise be ineffectual or a mere nullity; in other words, would have no operation except as an execution of the power. And see *Cotting* v. *De Sartiges*, 17 R. I. 668; *Lee* v. *Simpson*, 134 U. S. 572; *Patterson* v. *Wilson*, 64 Md. 193; *Funk* v. *Eggleston*, 92 Ill. 515; *Bilderback* v. *Boyce*, 14 S. C. 528.

The devise to Mrs. Blake is in terms a general residuary disposition of all her estate, real and personal. It does not recite nor refer to the power in the will of Mrs. Wheeler; nor does it mention nor refer specifically to the property of Mrs. Wheeler, the subject on which the power was to be exercised. In order, therefore, to operate as an execution of the power, it must appear that Mrs. Blake intended by this devise and bequest, notwithstanding these omissions, to convey, not merely her own property, but that which was her mother's as well; and the intention must be so apparent and clear that the devise and bequest will not fairly be susceptible of any other interpretation. Such intention, might be inferred as we have seen, if the clause would be ineffectual for any purpose except as an execution of the power. It was conceded at the hearing that Mrs. Blake had no real estate of her own on which the devise could operate and it was contended for the respondent, Mrs. Laura Wheeler, that the use of the word "real" in the devise was sufficient evidence of an intention to execute the power. We do not deem the use of the word "real" so conclusive that it cannot fairly be said that the intention to execute the power is not doubtful, and if not, it cannot be held that the power was executed. As suggested by the complainant, the clause is a residuary clause purporting on the face of it to devise only the estate of Mrs. Blake and the word "real" may well have been intended

merely to guard against a possible intestacy, and, therefore, there is no necessary presumption from the use of the word that Mrs. Blake had in mind the real estate of her mother and intended to pass the title to it by the exercise of the power. Moreover, it is suggested, as an additional reason for not making such a presumption, that under the will of Mrs. Wheeler, Mrs. Blake's receipt of the income of the real estate was subject to the tenancy by the curtesy of her father and that, as her father survived her, she never was in fact entitled to receive and did not receive the income of the real estate at all, and consequently, would not naturally regard or speak of that real estate as her own. To this may be added the fact that her father was by the terms of her mother's will entitled to the income of the real estate during his life; there was less reason on that account for the exercise of the power for his benefit.

It was further contended at the hearing that Mrs. Blake did not have any personal estate on which the clause could operate, and, therefore, an intent to exercise the power ought to be inferred, since the devise and bequest would otherwise be a nullity; but assuming that the testimony admitted *de bene* was competent, it did not show that she was not possessed of personal estate. On the contrary it did show that she was possessed of valuable jewels, silver ware, bric-a-brac, a piano, money on deposit and other property on which the clause could operate.

We are of the opinion that the residuary clause in the will of Mrs. Blake did not execute the power of appointment conferred on her by the will of Mrs. Wheeler and that the complainant is entitled to the relief sought by the bill.

*Joseph C. Ely & Herbert Almy,* for complainant.

*Edward D. Bassett & Edward L. Mitchell,* for respondent Laura Wheeler.