M. H. DePASS, Individually and as Executor of the Last Will and Testament of Mamie E. Brannon, deceased, and as Administrator *cum testamento annexo de bonis non* of the estate of H. L. BRANNON, deceased, v. THE KANSAS MASONIC HOME Corporation under the laws of the State of Kansas.

181 So. 410.

Division B.

Opinion Filed April 25, 1938.

Rehearing Denied June 6, 1938.

*Layton & Gray,* for Appellant;
*Hull, Landis & Whitehair,* for Appellee.

BROWN, J.—This case involves the following question: Where a testatrix, who owns certain valuable personal property of her own, and who holds the power under her deceased husband's will to dispose of all of his estate, both real and personal, by sale or by will, as she may see fit, executes a' will in which she makes no reference to the power nor to the property which is the subject of the power, but bequeaths in general terms "all my estate, both real and personal" to·a named devisee, does this bequest constitute an execution of the power appointed to her in her deceased husband's will, so as to vest. in her named devisee at her death all the real and personal property owned by her husband at the time of his death?

This is a case of first impression in this jurisdiction, though the general question involved has been considered and decided by a number of English and American courts. It has been very ably briefed and argued here, and we might welcome this opportunity to outline and discuss all

the arguments advanced by counsel, and review the important cases and erudite opinions dealing therewith, if time and the demands of a heavy docket permitted—which they do not.

This is an appeal from an order made by the Circuit Court for Alachua County denying appellant's motion to dismiss appellee's amended bill. In connection with said order, Honorable H. L. Sebring, the Circuit Judge, presiding as chancellor in this case, rendered a well considered opinion, wherein the pertinent facts of the case are set forth, as well as his reasons for denying said motion, and which reads as follows:

"This is a suit brought for the interpretation of a will under Sections 1a and 2, Chapter 7857, Acts of 1919 (Section 4953-4, C. G. L.), authorizing declaratory decrees.

"On or about February 21, 1935, H. L. Brannon died, leaving a last will and testament. On February 26, 1935, said last will and testament was duly admitted to probate in the County Judge's Court of Alachua County, Florida. In and by said last will and testament, the testator, after directing the payment of his just debts and funeral expenses, devised and bequeathed unto his wife, Mamie E. Brannon, for and during her life, 'all of my estate, both real and personal, with full power to sell, mortgage, or dispose of as she may see fit, or any part thereof, confiding in her good judgment ultimately to dispose of the property by will or otherwise in her discretion.' The testator provided, further that 'all of my said estate that remains after the death of my said wife, or that she shall not have disposed of during her lifetime by will or otherwise, I devise and bequeath as follows in fee absolute: One-half thereof to the Masonic Home of Wichita, Kansas, and the other one-half thereof to the Florida State Conference of Seventh Day Adventists, Orlando, Florida.' The testator then nom-

inated his wife, Mamie E. Brannon, sole executrix of said last will and testament, to serve without bond or other security.

"About three months later, the said Mamie E. Brannon died, leaving a last will and testament, dated March 22, 1935, which has been duly admitted to probate in the County Judge's Court of Alachua County, Florida. In and by said last will and testament, the testatrix, after directing the payment of her funeral expenses and just debts, devised and bequeathed 'unto my beloved friend and physician, M. H. DePass, * * * all of my estate both real and personal.' The testatrix then nominated the said M. H. DePass as sole executor of said last will and testament, to serve without bond or security; and provided, further that 'in case the said M. H. DePass dies before I do, then I devise and bequeath to Mayre DePass Spain, the daughter of the said M. H. DePass, all of my estate, both real and personal, and appoint her as my executrix to serve without bond or security.'

"Counsel agree that at the time of the execution of her will, and at the time of her death, Mamie E. Brannon was possessed of no real estate other than that which was attached to the power, and disposable by her under the same. She did, however, own, in her own right and absolutely, certain personal property other than that which was the subject of the power. To be more explicit; the inventory and appraisement of the real and personal property of the estate of H. L. Brannon, which was duly filed in the office of the County Judge of Alachua County, and which is made a part of the amended bill of complaint, shows that at the time of his death he owned 30 shares of Mountain State Telephone & Telegraph Company stock, of the value of $3210.00; 169 shares of American Telephone & Telegraph Company stock, of the value of $22,125.00; house-

hold goods and personal effects; and Lots 8, 9 and 11 of Gregory's Annex to the City of Gainesville. The inventory and appraisement of the estate of Mamie E. Brannon, which was duly filed with said County Judge, shows 30 shares of Mountain State Telegraph & Telephone Company stocks, of the value of $3210.00; 203 shares of American Telephone & Telegraph Company stock, of the value of $23,125.00; cash in bank, $1136.52; household goods and personal effects; and Lots 8, 9, and 11 of Gregory's Annex to the City of Gainesville.

"The question arising on these facts is whether or not the devise in the will of Mrs. Brannon was an execution of the power of appointment conferred upon her in the will of H. L. Brannon.

"Whether a general devise or bequest is a due execution of a power to appoint property depends, as in all other cases involving the construction of wills, on the intention of the testator. The generally accepted rule concerning the question whether there has been an execution of the power is that if the donee of the power intends to execute it, and the mode be in other respects unexceptionable, that intention, however manifested, will make the execution valid and operative. But the intention to execute the power must be so apparent and clear that the transaction *is not fairly susceptible to any other interpretation;* and if the intention is doubtful, under all the circumstances, that doubt will prevent it from being deemed an execution of the power. Where a will cannot operate except as an execution of the power, it will be presumed to be so intended, although the power is not referred to, but where there is no reference in the will to the power, or to the property which is the subject of the power, and the words of the will may be satisfied without supposing an intention to execute the

power, then, unless the intention to execute the power is clearly expressed, there is no execution of it.

"Being guided by these principles, which are supported by all of the leading authorities; did Mrs. Brannon intend, by her will, to execute the power of appointment conferred upon her in the will of H. L. Brannon?

"Upon an inspection of the will of Mrs. Brannon, it at once becomes apparent that there is not the slightest reference to the power which was created by the will of H. L. Brannon; nor is there any reference to the property which is the subject of the power. In order, therefore, to operate as an execution of the power, it must appear that Mrs. Brannon intended by this devise and bequest, notwithstanding these omissions, to convey not only her own property, but that which was her husband's as well, and the intention must be so clear and apparent that the transaction 'is not fairly susceptible of any other interpretation.' This is the crux of the case.

"The defendant contends that as the testatrix had no real property of her own, either at the time she made her will, or at the time of her death, the words 'devise,' as used in her will in reference to a gift to be made and 'real,' as used in her will to designate the estate or property upon which the gift is to operate, are significant as indicating a settled intention on her part to execute the power conferred upon her by the will of her husband; and that unless such construction is placed upon said words, the last will and testament of Mrs. Brannon will be inoperative and nugatory. The defendant reasons further, that the intention to exercise the power being thus shown, all of the property subject to the power, both real and personal, will pass to the appointee. This is but another way of saying that a general devise of land by one having no land at the time,

other than that subject to a power, should be considered as an exercise of such power.

"This court does not agree with counsel for the defendant that a general devise of lands by the donee of a power, who owns no lands at the date of the will, must, in Florida, be held to have been made in view of the power, and with an intention to execute it. The theory upon which this view rests is that by embracing real estate in the disposition, when she had none upon which the will could operate, except that affected by the power, the testatrix must have clearly intended to dispose of that species of property over which she had the power of appointment; and that therefore she intended by the devise to execute the power.

"This theory was tenable so long as a general devise passed only land owned at the time of the execution of the will; but it lost its force when the state of the law became such that lands whereof the testator died seized, though acquired after the making of a will, passed by a general devise, unless a contrary intention were expressed. *In re* Mills, Mills v. Mills (1886), 34 Ch. D. 186.

"Prior to the English Wills Act of 1837, a general devise could not pass after-acquired property; and so if the testator had no realty other than that which was subject to the power, at the time of such devise, the conclusion that he intended thereby to exercise the power was irresistible, *because there was nothing else to which the words could refer*. This was precisely the reason why a general devise of real estate under the old common law effected the execution of a power, where the testator had no real estate at the time. The will was read as though it contained a specific devise of the real estate which was the subject of the power, no matter how general in terms the devise happened to be; and being so read, that specific devise, of

course, could not, under any circumstances, pass any other estate.

"But by the English Wills Act of 1837 (1 Vict. C. 26, Sec. 27) the operation of wills 'was extended to after-acquired property, and thereafter, the circumstances of the testator having no realty of his own at the time of the devise, no longer gave rise to the presumption that he must have meant to execute the power. It remained for Sir E. E. Kay, in the case of *In re* Mills, just referred to, to point out that the Wills Act of 1937 destroyed the hypothesis upon which the above stated theory depends. In that case, he said: 'It is impossible to say that a general devise is wholly inoperative if it passes real estate acquired afterwards; and if it might have that operation when made, it is difficult to treat it as wholly ineffectual because the testator at the date of his will had no real estate. Certainly it would at least be potentially operative. You could not say it would be wholly inoperative."

"It is the opinion of this court that the reasoning in that case must control the judgment in the instant case, because, in many respects, the two cases, and the applicable provisions of statute, are the same. Prior to June 13, 1892, the Florida statute of wills of November 20, 1828, McClel. Dig. p. 985, (1) provided that real estate in Florida acquired subsequently to the execution of a will, did not pass thereby. Frazier v. Baggs, 37 Fla. 307, 20 Sou. 245. But the Revised Statute of 1892, which follows the English Wills Act of 1837, in this particular, specifically provided that every will containing a residuary clause shall transmit after-acquired property; and the provisions of that statute, which have come down to us as Section 5477 (2), 1934, Supp., Compiled General Laws of Florida, 1927, now provide that 'a will becomes effective at the time of the death of the testator and all property, real or personal, acquired

by the testator after making his will is transmissible under general expressions in the will showing such to be the intention of the testator. Every will containing a residuary clause shall transmit after-acquired property, unless the testator expressly states in his will that such is not his intention.'

"Under the Florida statute, a general devise will now pass, not only the lands which the testator owned at the date of his will, but also those which he acquired after that date. Consequently, it is no longer true that the will of the donee of a power, having at the time of making his will no other lands than those disposable under the power would be inoperative unless applied to the power. As is said in Wooster v. Cooper, 1900, (N. J. Ch.) 45 Atl. 381, 388; 'The will may now operate at the time of the testator's death, upon lands not within the power, which he acquired after the making of the will. The testator by his general devise may have intended to devise such after-acquired lands, and as this possibility satisfies all the provisions of the will, without applying it to the power, it can no longer be maintained that a testator who is the donee of a power must, *ex necessitate,* be held to have intended to execute the power when making a general devise of land.' For other instructive cases on this point, see Mason v. Wheeler, 1895, (R. I.) 31 Atl. 426; Bilderbeck v. Boyce, 14 S. C. 528, 35 S. C. Rep. 225.

"For the reasons stated, and upon authority of *In re* Mills, Mills v. Mills (1886) L. R., 34 C. H. Div. 186, it is ordered, adjudged, and decreed that the motion to dismiss said amended bill of complaint be, and the same is hereby denied."

Appellant contends that the case of Mills v. Mills, cited by the chancellor in the foregoing opinion, is not in accord with the majority of English cases, and is not applicable

here, because that case involved the execution, not of a general power, such as we have here, but of a special power. But counsel admits that the holding in the Mills case, as stated in the syllabus, was: "The question whether, since the Wills Act, a special power of appointing real estate is exercised by a general devise, where the testator had neither at the date of his will nor of his death any real estate of his own, is one of intention to be inferred from the words of the will and from the surrounding circumstances at the date of it, particularly the enlarged operation given by the Act to a general devise. A testator making a mere general devise, though having no .real estate of his own, does not thereby sufficiently indicate an intention of exercising a *special* power of appointing real estate, notwithstanding that objects of the power happen to be included among the devises."

In. this connection appellant cites 21 R. C. L. 795, Sec. 28, where it is said: "The early English cases established the rule that a power could be executed only by a reference thereto, except where the instrument would otherwise be inoperative. This rule was justly condemned by the English judges, and was finally modified so as to permit an execution where an intent to execute was manifest."

Counsel for appellant cite in support of their contentions, the following authorities: Blagge v. Miles, 3 Fed. Cases, 559, 1 Story 426, 4 Law. R. 256; Bennett v. Abburrow, 8 Ves. 11; Balls v. Dampman, 16 Atl. 16; Blake v. Hawkins, 98 U. S. 315; Bullerdeck v. Wright, 148 Ind. 485; Funk v. Eggleston, 92 Ill. 515; Greenway v. Wright, 196 Ky. 745, 246 S. W. 137; Howland v. Parker, 200 Mass. 204, 86 N. E. 287; *In re* Huddy's Estate, 236 T. A. 2176 909; Lee v. Simpson, 30 Fed. 235 and 134 U. S. 572; Rhode Island Trust Co. v. Dunnell, 34 R. L. 394; 83 A 858; Ann. Cas. 1914 D 580; White v. Hicks, 33 N. Y.

383; 49 C. J. 1250; 69 C. J. 835, 848; Redfearn on Wills & Adm. in Florida, 338; Rood on Wills, Sec. 504; 21 R. C. L. 795; 1 Sugden on Powers, 377; Chapter 16,103, Laws of Florida, 1933, Section 6 of which provides: "Any property, real or personal, ·held by any title, legal or equitable, with or without actual seizin, may be devised or bequeathed by will."

Counsel for appellee cite the following authorities in support of their contentions, and of the reasoning contained in the chancellor's opinion, and the conclusion therein reached: Arnold v. Southern Pine Co., 123 S. W. 1162; Blagge v. Miles, 1 Story 426; 3 Fed. Cases 559; No. 1,479; Carraway v. Moseley, 67 S. E. 765; Cotting v. DeSartiges, 24 Atl. 530; Emery v. Emery, 155 N. E. 364; Equitable Trust Co. v. Paschall, 115 Atl. 356; Farnum v. Pennsylvania Co., 99 Atl. 145; Funk v. Eggleston, 92 Ill. 515; 34 Am. Reports, 136; Kiplinger v. Armstrong, 171 N. E. 245; Lee v. Simpson, 134 U. S. 572; Lippincott v. Haviland, 117 Atl. 147; Long v. Landis, 9 Lanc. Bar. 153; Mines v. Gambrill, 18 Atl. 43; Mason v. Wheeler, 31 Atl. 426; Patterson v. Wilson, 1 Atl. 68; President & Fellows of Harvard College v. Balch, 49 N. E. 543; Rembert v. Vetoe, 71 S. E. 959; Rhode Island Hospital Trust Co. v. Dunnell, 34 R. I. 394, 83 Atl. 858; Ann. Cas. 1914 D; Ruling Case Law, Volume 21, page 796, Section 29; White v. Kicks, 33 N. Y. 383; Wooster v. Cooper, 45 Atl. 381; Compiled General Laws of Florida, 1927, Section 87; Compiled General Laws of Florida, 1927, Section 5477 (2) (b), 1934 Supplement; English Wills Act of 1837 (1 Vict. C. 26, Sec. 27.

One of the most notable and luminous opinions ever delivered on this subject was that rendered by Mr. Justice Story, in 1841, while sitting as a Circuit Judge, in the case of Blagge v. Miles, 3 Fed. Cases, No. 1479, 1 Story, 426, which we are tempted to quote from at length. However,

this opinion has been cited with approval by the United States Supreme Court in Lee v. Simpson, 134 U. S. 572, 33 L. Ed. 1038, and therein summarized as follows:

"The question of the execution of a power is very fully discussed by Mr. Justice Story in Blagge v. Miles, 1 Story, 426. The rule laid down in that case is that, if the donee of the power intends to execute it, and the mode be in other respects unexceptionable, that intention, however manifested, whether directly or indirectly, positively or by just implication, will make the execution valid and operative; that the intention to execute the power must be apparent and clear, so that the transaction is not fairly susceptible of any other interpretation, but if it be doubtful, under all the circumstances, then that doubt will prevent it from being deemed an execution of the power; and that it is not necessary, however, that the intention to execute the power should appear by express terms or recitals in the instrument, but it is sufficient that it appears by words, acts or deeds demonstrating the intention. Judge Story states, as the result of the English authorities, that three classes of cases have been held to be sufficient demonstrations of an intended execution of a power; (1) where there has been some reference in the will, or other instrument, to the power; (2) or a reference to the property, which is the subject on which it is to be executed; (3) or where the provision in the will or other instrument, executed by the donee of the power, would otherwise be ineffectual, or a mere nullity; in other words, it would have no operation, except as an execution of the power. The rule thus stated was referred to with approval by this court in Blake v. Hawkins, 98 U. S. 315, 326, (25: 139, 141), and in Warner v. Connecticut Mutual Life Ins. Co., 109 U. S. 357, 366 (27: 962, 965); by the Court of Appeals of New York, in White v. Hicks, 33 N. Y. 383, 392; and by the Supreme

Court of Illinois, in Funk v. Eggleston, 92 Ill. 515, 538, 539, 547. See also Meeker v. Breinsnall, 38 N. J. Eq. 345."

In the case thus summarized, Mr. Justice Story took occasion to say: "If a case of clear intention should arise, although not falling within the predicament of these classes, it must be held that the power is well executed, unless courts of justice are at liberty to overturn principles, instead of interepreting acts and intentions." Earlier in the same opinion Mr. Justice Story had said: "It is now admitted to be established, as the general rule, that the intention of the testator is the polestar to direct the courts in the interpretation of wills." And in the case of Lee v. Simpson, *supra,* the Federal Supreme Court held that the court is authorized to put itself in the position occupied by a testator, in order, in view of the circumstances then existing, to discover from that standpoint what the testator intended by his will.

The prevailing doctrine then is, that the question of whether a general devise in a will operates as an execution of a power vested in the testator by a prior instrument depends upon the intent of the testator. It also appears that certain circumstances have for many years been generally considered by the courts as convincing indicia of intent, where nothing to the contrary appears in the will or in the circumstances surrounding the testator at the time of its execution. Thus in 21 R. C. L., 796, it is said: "A majority of the courts hold that where there is no reference in the will to the power, or to the property which is the subject matter thereof, and the will is fully operative without the aid of the power, a general devise or bequest will not operate as an execution of the power." Applying these rules of construction in aid of arriving at the intention of the testatrix here, as the chancellor did, we agree with the learned chancellor that, under the facts alleged

in the bill, the general devise contained in Mrs. Brannon's will did not operate as an execution of the power vested in her by her deceased husband's will. She owned 34 shares of Am. Tel. & Tel. Co's stock and $1136.00 in bank, and had a life estate in her husband's estate. The fact that in her will Mrs. Brannon devised "all of my estate both real and personal" to her friend, Dr. DePass, and that at the time the will was made and at the time of her death she had no real estate of her own, does not clearly or conclusively indicate that she intended to devise all the real and personal property of her husband's estate (in which she merely had a life estate coupled with the power of disposition) as well as her own personal property, because she might have intended to devise to Dr. DePass whatever real estate she might thereafter have acquired and owned at the time of her death. While neither may be conclusive, the use of the word, *"my estate,"* in the devise might reasonably be considered as rebutting any intention to exercise the power to dispose of *her husband's* estate, even though the use of the word "real," considered by itself, and in connection with the fact that when the will was made she owned no real estate, might be considered as constituting some evidence of an intention to exercise the power contained in her husband's will to devise her husband's estate, which consisted of both real and personal property. She may have used the words "all my estate, both real and personal" as they frequently are used, to prevent the testatrix from dying intestate as to any part of the estate which she might own at the time of her death. Indeed, it cannot be said, with any certainty, on the facts alleged in the bill, just what her intention was in this respect. It is not clear, but doubtful. In his discussion of this question in Blagge v. Miles, *supra,* Mr. Justice Story said: "I agree that the intention to execute the power must be apparent and clear,

so that the transaction is not fairly susceptible of any other interpretation. If it be doubtful under all the circumstances, then that doubt will prevent it from being deemed an execution of the power."

Applying this principle, which we adopt, to the case at bar, our conclusion is that the chancellor's order denying the motion to dismiss the amended bill was correct, and should be sustained. We also concur in his able and well reasoned opinion, except in so far as one or two of the expressions therein contained have been further elucidated, and to some extent modified, by the foregoing opinion.

Affirmed and remanded.

WHITFIELD, P. J., and CHAPMAN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.