## In the Matter of the Estate of JOHN T. KELLY, Deceased.

Surrogate's Court, Westchester County, April 5, 1940.

*Davies, Auerbach, Cornell & Hardy*, for The Chase National Bank of the City of New York, as trustee.

*Scheiberling & Schneider*, for the Chase National Bank of the City of New York, as one of the executors and trustees of Helen Ross Forcey, deceased.

*John J. Donohue*, for Llewellyn G. Ross, individually.

*Eldred A. Halsey*, special guardian.

MILLARD, S. In this accounting proceeding application has been made for a construction of testator's will in order to determine the

proper devolution of the corpus of the trust created under article Ninth, subdivision (B) of his will.

Testator died a resident of the State of Florida. His will was admitted to probate in this court on October 5, 1927, as that of a non-resident seized of real property in this county, and personal property having its actual situs within the State of New York. Under article Ninth of his will, testator directed that his entire residuary estate be divided into nine equal parts and that trusts be erected for the benefit of each of his nine children. The trust with which we are presently concerned was created under subdivision (B) of said article for the benefit of his daughter, Helen Ross (Forcey). By its terms the trustees were directed to pay over to the beneficiary one-third of the principal when the trust was set up, one-third upon her attaining the age of sixty years, and the balance at the age of seventy, the income to be paid to the beneficiary upon the undistributed portion of the trust during her lifetime. Upon the death of the beneficiary, testator further directed his trustee to pay over the balance remaining in the trust fund " to such person or persons in such parts and proportions and upon such terms as she shall by will lawfully establish, direct and appoint," or in default of such appointment, to her issue *per stirpes*, and in default of issue to brothers and sisters or the survivors.

Helen Ross Forcey died a resident of this State at the age of sixty-eight years, leaving a last will and testament which was duly admitted to probate in the Surrogate's Court of Rensselaer county on November 20, 1939. In her will she made no reference whatsoever to the power of appointment contained in her father's will. She left a substantial estate independent of this power, upon which her will could operate. The question presented for determination here, therefore, is whether or not she has validly exercised the power of appointment given her under the terms of the will of this decedent.

It is well established that the law of the domicile of the donor governs in determining whether or not a power of appointment is validly exercised. (*Matter of New York Life Insurance and Trust Co.*, 209 N. Y. 585; *Matter of Marsland*, 142 Misc. 230.) This rule of law proceeds upon the theory that the beneficiary of a gift under a power of appointment takes under the will of the original donor of the power and only in the event that this power of appointment has been validly exercised. It follows that both wills must be read together. (*Matter of Harbeck*, 161 N. Y. 211, 218.) The question before me, therefore, must be decided in accordance with the laws of the State of Florida where the common-law rule still obtains. (*Story* v. *First National Bank and Trust Company in Orlando*, 115 Fla. 436; 156 So. 101.) In the recent case of *DePass* v. *Kansas*

*Masonic Home* (132 Fla. 455; 181 So. 410) the Supreme Court of the State of Florida passed upon this precise question. While the court there held that " the question of whether a general devise in a will operates as an execution of a power vested in the testator by a prior instrument depends upon the intent of the testator," the rest of the opinion, as well as the ultimate conclusion reached, would indicate that the intention of a testator is still arrived at by the application of the common-law rule, namely, that where " there is no reference in the will to the power, or to the property which is the subject-matter thereof, and the will is fully operative without the aid of the power, a general devise or bequest will not operate as an execution of the power." The court in that case also quotes with approval the following excerpt from the opinion of Mr. Justice STORY in *Blagge* v. *Miles* ([Fed. Cas. No. 1479] 1 Story, 426): " The intention to execute the power must be apparent and clear, so that the transaction is not fairly susceptible of any other interpretation, but if it be doubtful, under all the circumstances, then that doubt will prevent it from being deemed an execution of the power." Applying the rules of law above enunciated, I hold that the power of appointment contained in the will of this decedent was not validly exercised by the donee, Helen Ross Forcey. A different result might follow if the laws of the State of New York were applicable. (Pers. Prop. Law, § 18; *Low* v. *Bankers Trust Co.,* 270 N. Y. 143.)

Furthermore, even though the power had been validly exercised, the donee, by article Seventh, subdivision (A), of her will, has attempted to suspend the vesting of two-fifths of the appointed fund for a possible three lives, in contravention of the laws of New York, Florida and Pennsylvania. (Pers. Prop. Law, § 11; *Story* v. *First National Bank and First in Orlando, supra; Fargo* v. *Squiers,* 154 N. Y. 250, 260.) An illegal appointment of a power is tantamount to no appointment. (*Guaranty Trust Co.* v. *Harris,* 267 N. Y. 1.)

It appears from the account that there is included among the assets of this trust fund an undivided interest in real property situated at Pittsburgh, Pa. The law of that State is applicable thereto. (*Matter of New York Life Insurance and Trust Co., supra.*) The law of Pennsylvania provides that a general devise may operate as a valid exercise of a power of appointment unless " a contrary intention shall appear by the will." (Pa. Stat. [1920] § 8319.) Accordingly, I find that the power of appointment contained in this decedent's will was validly exercised in the will of Helen Ross Forcey under the Pennsylvania law as to three-fifths of decedent's interest in the real property situated in that State.

In a construction proceeding involving a similar trust created under subdivision (C) of article Ninth of testator's will, my learned predecessor, Surrogate SLATER, arrived at a like conclusion upon slightly different facts. (*Matter of Kelly*, 161 Misc. 255.) There, all trust provisions contained in the will of the donee were held to be invalid as violating the rule against perpetuities obtaining in all States involved.

It is, therefore, held that three-fifths of decedent's interest in the Pennsylvania property will pass under article Seventh, subdivision (B), of the will of Helen Ross Forcey and the balance of the corpus of the trust created under article Ninth, subdivision (B), of this decedent's will is presently distributable to Llewellyn G. Ross.

Settle decree accordingly.