**In re SHEAF'S WILL.**

County Judge's Court, Palm Beach County.

June 13, 1952.

Edward G. Newell, West Palm Beach, for the administrator.

Hal H. McCaghren, West Palm Beach, for Lawrence Carl Klose.

Louis Leibovit, West Palm Beach, for Ralph M. Sheaf.

RICHARD P. ROBBINS, County Judge.

The last will and testament of Louisa Sheaf, deceased, is brought before me for construction on the petition of Lawrence Karl Klose as the administrator with the will annexed, his answer as the only child and sole heir at law of the deceased, and the answer of one Ralph M. Sheaf, an appointee under an alleged power of appointment in decedent's will.

On November 5, 1948 Louisa Sheaf and her husband George A. Sheaf executed reciprocal wills. Both wills were prepared by the same attorney, executed at the same time and attested and subscribed by the same witnesses.[1] Each gave to the other a life estate, after payment of debts, taxes and expenses, in all property, real,

---

1    WILL OF GEORGE A. SHEAF

I, George A. Sheaf, whose present address is 75 25th Street in the city of Riviera Beach, Palm Beach County, Florida, being of sound and disposing mind and memory do make this my Last Will and Testament, hereby revoking and annulling all others by me heretofore made.

1. I desire and direct that upon my death my body be cremated and the ashes disposed of in accordance with the wishes of my wife.

2. I direct my executrix hereinafter named to pay all my just debts and the expenses of my last illness and funeral as soon after my death as may be found convenient.

3. I direct my executrix, out of my estate to pay all inheritance or other legal taxes levied or assessed against my estate or the beneficiaries thereof, so that the beneficiaries shall receive my estate free of all such taxes.

4. I give, devise and bequeath to my wife, Louisa Sheaf, who resides with me at 75 25th Street, Riviera Beach, Florida, all the residue of my property, whether real, personal or mixed, including any and all equities which I may have in any property at the time of my death. My wife having been a good wife during our married life, is entitled to the free use and income from such life estate and if necessity demands, the principal of such life estate, and I therefore direct that the income and profits from said life estate shall go to my wife and further that my wife in her discretion may dispose of any part or all of said life estate should her care and comfort during her lifetime so require. However, should her care and comfort not require the use of the principal of said life estate, then I direct that she not dispose of any part of said life estate either by deed

or gift and at her death the residue of said life estate be divided as follows.

A. One-half to whomsoever my wife may designate.

B. The remaining one-half to be divided as follows:

To my brother William E. Sheaf who resides at 50 Warren Street, New Rochelle, New York—10%.

To my brother Alfred J. Sheaf who resides at Fanwood, New Jersey—30%.

To my brother Julius P. Sheaf who resides at 9516 42nd Avenue, Elmhurst, L. I., New York—30%.

To my brother Ralph Sheaf, who resides on Marango Street, New Orleans, La. —20%.

To my sister Calanthy Sheaf Lawrence who resides at 551 Fox Street, New York City—10%.

5. I hereby constitute and appoint Louisa Sheaf the sole executrix of this my Last Will and Testament, and I expressly confer upon said executrix the power to administer my estate and direct that she shall not be required to execute a bond for the faithful performance of her duties. I expressly confer upon her full authority and power to sell any part of my estate, at public or private sale, with or without notice as she may deem best, and without any order of court, to the end that my estate may be speedily administered and the devises and bequests mentioned in this Will paid without unnecessary delay. I further expressly confer upon her the authority and power to borrow money for the use of my said estate in any instance where she may think it necessary and proper, and to secure the same by mortgage, trust deed, or other form of security, to or upon any part of my estate, and this she may do without the order of any court.

personal or mixed, including all equities, etc. Both wills provide that should care and comfort not require the use of the principal of the life estate, it should not be disposed of by deed or gift and upon the death of the life tenant the residue of the life estate should be divided, one-half to whomsoever the life tenant might designate and the remaining one-half to be divided, in the case of Louisa Sheaf, to certain of her relatives in fixed percentages, and in the case of George A. Sheaf, to certain of his relatives in fixed percentages.

George A Sheaf predeceased his wife Louisa Sheaf. With the exception of an automobile and a small mortgage valued at $256.88, all his property was held with his wife as an estate by the entireties.

Lawrence Carl Klose, as the only child and sole heir at law of Louisa Sheaf, contends in his answer that the legacy to his step-father, George A. Sheaf, lapsed upon his death by virtue of section

### WILL OF LOUISA SHEAF

I, Louisa Sheaf, whose present address is 75 25th Street in the city of Riviera Beach, Palm Beach County, Florida, being of sound and disposing mind and memory do make this my Last Will and Testament, hereby revoking and annulling all others by me heretofore made.

1. I desire and direct that upon my death my body be cremated and the ashes disposed of in accordance with the wishes of my husband.

2. I direct my executor hereinafter named to pay all my just debts and the expenses of my last illness and funeral as soon after my death as may be found convenient.

3. I direct my executor, out of my estate to pay all inheritance or other legal taxes levied or assessed against my estate or the beneficiaries thereof, so that the beneficiaries shall receive my estate free of all such taxes.

4. I give, devise and bequeath to my husband, George A. Sheaf, who resides with me at 75 25th Street, Riviera Beach, Florida, for life, all the residue of my property, whether real, personal or mixed, including any and all equities which I may have in any property at the time of my death. My husband having been a good husband during our married life is entitled to the free use and income from such life estate and if necessity demands, the principal of such life estate, and I therefore direct that the income and profits from said life estate shall go to my husband and further that my husband in his discretion may dispose of any part or all of said life estate should his care and comfort during his lifetime so require. However, should his care and comfort not require the use of the principal of said life estate, then I direct that he not dispose of

any part of said life estate either by deed or gift and at his death the residue of said life estate to be divided as follows:

A. One-half to whomsoever my husband may designate.

B. The remaining one-half to be divided as follows:

To my son Lawrence Carl Klose who resides at Osceola, Nebraska—30%.

To my niece Loretta Deckard who resides at 1629 W. Lynn Street, Springfield, Missouri—30%.

To my sister Wealthy Lawson who resides at 1629 W. Lynn Street, Springfield, Missouri—20%.

To my brother Sirrell Cox who resides at 1629 W. Lynn Street, Springfield, Missouri—10%.

To my brother Roy Cox who resides at Osceola, Nebraska—10%.

5. I hereby constitute and appoint George A. Sheaf the sole executor of this my Last Will and Testament, and I expressly confer upon said executor the power to administer my estate and direct that he shall not be required to execute a bond for the faithful performance of his duties. I expressly confer upon him full authority and power to sell any part of my estate, at public or private sale, with or without notice as he may deem best, and without any order of court, to the end that my estate may be speedily administered and the devises and bequests mentioned in this Will paid without unnecessary delay. I further expressly confer upon him the authority and power to borrow money for the use of my said estate in any instance where he may think it necessary and proper, and to secure the same by mortgage, trust deed, or other form of security, to or upon any part of my estate, and this he may do without the order of any court.

731.20, Florida Statutes 1951,[1] and consequently the power granted to him to dispose of half of the estate of Louisa Sheaf to whomsoever he might designate lapsed because it was contingent on a life estate with power to dispose of the fee which never vested and the will did not give George A. Sheaf a power of appointment. He also contends that the legacies of the remaining half of the estate to the relatives of Louisa Sheaf lapsed because they were contingent on a life estate which never vested and that as the only heir at law he is entitled to the entire estate.

I do not agree that the will of Louisa Sheaf does not contain a power of appointment. Mrs. Sheaf knew that the property which she gave in her will was also her husband's, which he had, by his will given her the power to dispose of in part by her own will.

Reading both wills in the light of these circumstances and other facts in evidence I am led to the conclusion that the intent of Mrs. Sheaf, as expressed by her will, was to give by it, not property which she believed was her own entirely, but a portion of the property of her husband which he had authorized her by his will to dispose of—that each intended to give to the other a power of appointment to one-half of their joint estate—and that the simultaneous execution of the wills constituted a present execution of such powers.

There is authority to the effect that a donor can by will grant to another the power to dispose of the donor's estate in the donor's lifetime; such an estate, in the event that the donee predeceases the donor, to pass directly at the donor's death to the donee's appointees. 3 Page on Wills (Life Ed.) 863; Murchison v. Wallace (Va.), 159 Atl. 106; De Pass v. Kansas Masonic Home (Fla.), 181 So. 410.

It is therefore ordered that the estate of Louisa Sheaf be distributed, one-half as follows: to Lawrence Carl Klose, decedent's

---

[1] *Lapsed or void legacies or devices.*—If a devisee or legatee dies during the lifetime of the testator, the testamentary disposition to such devisee or legatee lapses unless an intention appears from the will to substitute another in his place; but, when any property is devised or bequeathed to an adopted child or blood kindred of the testator, and when such devisee or legatee dies before the testator, leaving lineal descendents, or is dead at the time the will is executed, leaving lineal descendents who survive the testator, such legacy or devise does not lapse, but such descendents take the property so given by the will in the same manner as the devisee or legatee would have done had he survived the testator.

If a legacy or devise is void or lapses, it shall become a part of the residuum and shall pass to the residuary legatee or devisee unless a contrary intent is expressed by the testator in his will.

son—30%; to Wealthy Lawson, decedent's sister—20%; to Sirrel Cox, decedent's brother—10%; to Ray Cox, decedent's brother—10%; to Loretta Deckard, decedent's niece—30% and the remaining one-half as follows: to William E. Sheaf, brother of George A. Sheaf—10%; to Alfred J. Sheaf, brother of George A. Sheaf—30%; to James P. Sheaf, brother of George A. Sheaf—30%; to Ralph Sheaf, brother of George A. Sheaf—20%; to Calanthy Sheaf, sister of George A. Sheaf—10%.

In his answer Lawrence Carl Klose asks that this court construe and declare the homestead, consisting of an unnumbered lot on the south side of 25th Street, Riviera Beach, to descend to him as dependent heir of the deceased. Equity has complete jurisdiction over homestead property. The county judge as judge of probate is without jurisdiction to dispose of it and no conduct of any party can confer such jurisdiction upon him.