VAN NORTWICK, J.,
concurring in part and dissenting in part.
I believe that the trial court correctly interpreted and applied section 732.6005(2), Florida Statutes (2004), in a *689 manner consistent with legislative intent. Under this reading of the statute, all of the property the decedent acquired after she had executed her will in 2004 would pass under the will to appellee, the sole remaining beneficiary named in the will. Accordingly, I respectfully dissent to all but Part YII of the majority opinion. I concur in the certification of the question in Part VII.
Section 782.6005 falls under Part VI of the Florida Probate Code, entitled “Rules of Construction.” In its entirety, it reads as follows:
732.6005 Rules of construction and intention.—
(1) The intention of the testator as expressed in the will controls the legal effect of the testator’s dispositions. The rules of construction expressed in this part shall apply unless a contrary intention is indicated by the will.
(2) Subject to the foregoing, a will is construed to pass all property which the testator owns at death, including property acquired after the execution of the will.
In effect, the majority opinion determines that section 732.6005 does not apply to wills that do not contain general devises or a residuary clause. The majority concludes that, since Ms. Aldrich’s will did not dispose all of her property, she intended partial intestacy. However, the unambiguous language of section 732.6005 does not support this conclusion.
Former section 731.05, Florida Statutes (1973), evolved from the Florida Legislature’s desire to remedy the common-law rule that after-acquired property did not pass by will. See DePass v. Kansas Masonic Home, 132 Fla. 455, 181 So. 410, 412-13 (1938). The remedy was included in the Revised Statutes of 1892, and, by the time of DePass, was expressed in section 5477(2), Florida Statutes (Supp.1934), which stated:
[A] will becomes effective at the time of the death of the testator and all property, real or personal, acquired by the testator after making his will is transmissible under general expressions in the will showing such to be the intention of the testator. Every will containing a residuary clause shall transmit after-acquired property, unless the testator expressly states in his will that such is not his intention.
Id. at 413 (emphasis added). This portion of DePass was later cited in In re Vail’s Estate, 67 So.2d 665 (Fla.1953), in which, in dicta “for clarity,” the Florida Supreme Court quoted the second passage of section 5477(2), regarding after-acquired property, and noted that “this language is identical with the last sentence of present F.S.A. § 731.05(2).” Id. at 670. It also observed that the “primary purpose” of section 5477(2) “was to permit transmissal [sic] of after-acquired property by will rather than by intestacy, and the expression of contrary intention [of the testator] contemplated by the statute is therefore an expression that after-acquired property shall not pass under the will.” Id. (emphasis in original).
As enunciated by this court in In re Estate of McGahee, 550 So.2d 83 (Fla. 1st DCA 1989): “The primary goal of the law of wills, and the polestar guiding the rules of will construction, is to effectuate the manifest intention of the testator.” Id. at 85 (citing Marshall v. Hewett, 156 Fla. 645, 24 So.2d 1 (1945), and In re Estate of Lenahan, 511 So.2d 365 (Fla. 1st DCA 1987)). As earlier emphasized by the supreme court, “[t]he law of wills is calculated to avoid speculation as to the testator’s intent and to concentrate upon what he said rather than what he might, or should, have wanted to say.” In re Pratt’s Estate, *690 88 So.2d 499, 504 (Fla.1956). Unquestionably, both section 732.6005 and its predecessor statutes embody this salutary purpose.
Furthermore, former section 731.05(2) and present section 732.6005(2) share an additional goal in will construction directed toward effectuating the intent of the testator, that being “a presumption against partial intestacy and allowing] a will to pass after-acquired property, absent a contrary intent.” Henry A. Fenn & Edward F. Koren, The 1971 Florida Probate Code — A Marriage of Convenience, 27 U. Fla. L. Rev. 1, 32 (1974) (footnote omitted). Accord In re Vail’s Estate, 67 So.2d at 670; Butcher v. Estate of Butcher, 437 So.2d 788, 789 (Fla. 2d DCA 1983) (observing that disposition under a will is favored over intestacy). In their article reviewing the expansive revision of the Florida Probate Code in 1974, the commentators were referring to then section 732.602, Florida Statutes (1974) — the precursor to section 732.6005 — that they described as “simply providfing]” that “ ‘[a] will is construed to pass all property that the testator owns at his death including property acquired after the execution of the will.’ ” Fenn & Ko-ren, 27 U. Fla. L. Rev. at 32 (quoting section 732.602, Florida Statutes (1974)). But, critical to the point raised on appeal, it was specifically noted in the article that while section 731.05(2), Florida Statutes (1973), was similar to section 732.602, Florida Statutes (1974), it “applifed] only to wills containing a residuary clause.” Id. at 32 n. 212 (emphasis added). In the newly created section 732.602, the legislature omitted the “residuary clause” language, and it is also absent in section 732.6005(2). As other recent commentators have observed of section 732.6005(2):
A will is construed to pass all property a testator owns at death, including property acquired after the execution of the will.fn.1]
Disposition under a will is favored over intestacy.[n.2]
Accordingly, if a will contains no residuary clause, or if a doubt exists about whether a will is intended to dispose of all assets the testator owned at the time of death, the will will be construed to make such disposition.
See 12 Abraham M. Mora, Shelly Wald, & Lorna J. Scharlacken, Florida Estate Planning § 18:41 (2010-11 ed.) (bracketed footnotes citing, respectively, section 732.6005(2), Florida Statutes, and Butcher v. Estate of Butcher, 437 So.2d 788 (Fla. 2d DCA 1983)). The majority’s holding, that section 732.6005(2) requires a residuary clause to pass after-acquired property under a will, simply reinserts through implication language that was expressly omitted by the legislature in 1974.
It is a cardinal rule of statutory construction that when an amendment to a statute omits words, courts must presume that the legislature intended the statute to have a different meaning than before the amendment. See Capella v. City of Gainesville, 2,11 So.2d 658, 660 (Fla.1979). More importantly, “when the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.” Knowles v. Beverly Enterprises-Fla., Inc., 898 So.2d 1, 5 (Fla.2004) (citing Holly v. Auld, 450 So.2d 217, 219 (Fla.1984)). By its clear and unambiguous terms, “unless a contrary intention is indicated in the will,” section 732.6005(2) is “subject to” only the limitations expressed in subsection (1), those being “the intention of the testator as expressed in the will,” and the “rules of construction” contained in Part VI of chapter 732 (i.e., section 732.601 (“Simultaneous *691 Death Law”), section 732.603 (“Antilapse”), section 732.604 (“Failure of testamentary provision”), section 732.605 (“Change in securities”), section 732.606 (“Nonademption of specific devises”), section 732.607 (“Exercise of power of appointment”), section 732.608 (“Construction of generic terms”) and section 732.609 (“Ademption by satisfaction”)). Otherwise, section 732.6005(2) mandates that after-acquired property passes under the will, notwithstanding the absence of a residuary clause. Because none of the “rules of construction” expressed in Part VI apply in this case, the sole consideration relevant to resolving the issue at hand is the decedent’s intent as expressed in her will.
The majority opinion relies on the only case that has directly addressed section 732.6005(2), In re Estate of Barker, 448 So.2d 28 (Fla. 1st DCA 1984). However, Barker involved two wills, the second of which expressly revoked all prior wills made by the testatrix, and also omitted the residuary clause that was contained in the first will. The existing residual estate was worth approximately $50,000 in real estate and $37,000 in personalty, and one of the former beneficiaries of that residual estate petitioned to have established the first will to prevent the distribution of the residual estate under the second will by intestacy to eleven heirs. The trial court found that the second will effectively revoked the first one and that no legal theory operated to revive the residuary clause of the first will. In affirming, this court recognized the presumption that the testatrix understood and approved her will, and ruled that “[njothing in the law precludes a testator from disposing of only a portion of his estate by will and allowing the balance to be distributed according to the law of intestate succession.” Id. at 31. Significantly, however, this court also held, “[fjurther, appellant’s reliance upon Section 732.6005(2), Florida Statutes, dealing with testamentary intent regarding after-acquired property is misplaced. That section has no application to the case at bar.” Id. at 32.
Here, the trial court was asked to interpret a will that devised to the decedent’s sister specific items with instructions that, should the sister predecease her, all of the items listed should pass to her brother. Although there is nothing on the face of the will indicating that the items so devised consisted of the decedent’s entire estate, there is also nothing on the face of the will indicating the decedent’s intent that anyone other than either the decedent’s sister or her brother receive anything under the will. In short, there was no “expression of contrary intention” by the decedent that the after-acquired property “shall not pass under the will.” In re Vail’s Estate, 67 So.2d at 670 (emphasis in original). Given that clear intent, and in the absence of the application of any of the other rules of construction contained in Part VI of chapter 732, the property acquired by the decedent following the death of her sister would, by virtue of section 732.6005(2), pass under the will to appel-lee, and not according to the rules of intestacy to be divided between appellants and appellee.
The trial court’s construction of the decedent’s will is consistent with the meaning and intent of section 732.6005(2). Accordingly, the property acquired by the decedent from her sister following the execution of the decedent’s will passed by the decedent’s will according to the decedent’s intent as expressed in her will. Section 732.6005(2) is wholly dependent on the testator’s intent as expressed in the will, and this case presents no circumstances that cannot be resolved by an application of the plain language of the statute to the dece *692 dent’s intent. I believe that the summary final judgment should be affirmed.