311 So.2d 810 (1975)
Walter RUPPERT Sr., Appellant,
v.
In re ESTATE of Charles Francis HASTINGS, Deceased, Appellee.
No. W-316.
District Court of Appeal of Florida, First District.
May 7, 1975.
*811 Merritt H. Powell, and G. Larry Sims, Cobb, Cole, Sigerson, McCoy, Bell & Bond, Daytona Beach, for appellant.
William Akers, III, and Henry P. Duffett, of Duffett, Barry, Seps, Meade & Akers, Ormond Beach, for appellee.
PER CURIAM.
The facts of this appeal are not in dispute. Charles F. Hastings executed a will on February 16, 1974, in which he attempted to disinherit his daughter and any grandchildren on the basis that his daughter had ignored him for thirty years (except for one insulting telephone call). By his will, Hastings devised all of his property to the American Legion Post in Holly Hill. Hastings died on March 10, 1974, and the American Legion Post Commander petitioned the Volusia County Circuit Court for a determination of beneficiaries and probate of his will; thereafter, Evelyn Wheatley, Hastings' daughter petitioned the court to be named Administratrix C.T.A. of her father's estate and pursuant to Florida Statute 731.19 to void the charitable bequest and devise to the American Legion Post. The lower court voided, pursuant to Florida Statute 731.19, the bequest and devise to the American Legion Post; appointed Wheatley Administratrix C.T.A.; and found that she was the sole person entitled to receive her father's estate. By way of this appeal, Commander of the American Legion Post challenges the lower court's order.
We are bound by the plain language of Florida Statute 731.19, as passed by the Florida legislature. It might well be that the results of this case are completely opposite to the testator's intentions; however, we conclude that the lower court was correct in setting aside the subject will as mandated by Florida Statute 731.19.
Affirmed.
RAWLS, C.J., and JOHNSON and MILLS, JJ., concur.