WENTWORTH, Judge.
This is an appeal from the order of the probate judge which held that Daniel Reid, the sole surviving lineal descendant of Robert L. Reid was denied a share in the intestate estate of Robert L. Reid because the will provided a specific bequest for him. We reverse.
Robert L. Reid, a widower, died leaving a last will and testament establishing a trust, the net income of which was to be used for the benefit of his daughter Alma up to $75.00 per month, with any excess income to paid to his son Daniel. The will further provided that if Alma predeceased Daniel the trust should terminate and Robert’s other son Reuben should take the balance of the corpus and the income, but should pay Daniel $20.00 per month for the rest of his life. Alma and Reuben both predeceased Robert, leaving Daniel as the sole surviving lineal descendant. When Daniel applied for administration, appellees, nieces of the decedent, filed for construction of the will and *1033 designation of beneficiaries. In denying Daniel’s motion to dismiss their petition the trial court properly found that the bequests to Alma, Reuben and Mrs. Reid had failed, and, since no provisions for the remainder were made, the will was ineffective to dispose of the estate except for the bequest to Daniel of $20.00 per month. See In Re Levy’s Estate, 196 So.2d 225 (Fla.3d DCA 1967).
The trial court, relying on the general maxim that the testator’s intent is the polestar in interpreting a will, then determined that the testator intended that Daniel take only the $20.00 per month for the rest of his life, and the remaining estate should be distributed to the heirs-at-law determinable as of Daniel’s death. In this ruling, the trial court erred. Unquestionably, the intention of the testator is the primary factor in determining the meaning of any will. In Re Estate of Lesher, 365 So.2d 815 (Fla. 1st DCA 1979). However, once a will is declared invalid, the testator’s intent is no longer controlling and the property must pass according to the law of intestate succession. In Re Stephan’s Estate, 194 So. 343 (Fla.1940); In Re Lubbe’s Estate, 142 So.2d 130 (Fla.2d DCA 1962); Section 732.101(1), Florida Statutes (1979). Pursuant to § 732.103, Florida Statutes (1979), the lineal descendants of the decedent take the entire intestate estate if there is no surviving spouse. Daniel as the sole surviving lineal descendant is therefore entitled to the entire estate.
Accordingly, the judgment is reversed and remanded for proceedings consistent with this opinion.
SHIVERS, J., and WOODIE A. LILES (Ret.), Associate Judge, concur.