535 So.2d 294 (1988)
Lorraine E. ZRILLIC, Appellant/Cross Appellee,
v.
ESTATE OF Lorraine E. ROMANS, Deceased, Appellee/Cross Appellant. and
Shriners Hospital for Crippled Children, Appellee.
No. 88-49.
District Court of Appeal of Florida, Fifth District.
October 20, 1988.
Rehearing Denied January 4, 1989.
Peggy Tribbett Gehl, Ft. Lauderdale, and Linda Chambliss of Copeland and Chambliss, Ft. Lauderdale, for appellant/cross appellee.
Lawrence E. Dolan of Lawrence E. Dolan, P.A., Orlando, James G. Lloyd, James C. Erdman and Betty Merrick, as Co-Personal Representatives for appellee/cross appellant, Estate of Lorraine E. Romans, deceased.
William S. Belcher and Joseph W. Fleece, III, of Belcher and Fleece, P.A., St. Petersburg, for appellee Shriners Hospital for Crippled Children.
GLICKSTEIN, H.S., Associate Judge.
Appellant seeks reversal of the trial court's order denying her petition to avoid a charitable devise. We conclude the trial court erred in holding section 732.803, Florida Statutes (1985) unconstitutional under the federal and state equal protection clauses, reverse the order, and remand.
Although addressing the similar predecessor statute, the supreme court's holding in Taylor v. Payne, 154 Fla. 359, 17 So.2d 615 (1944), appeal dismissed, 323 U.S. 666, 65 S.Ct. 49, 89 L.Ed. 541 (1944), rehearing denied, 323 U.S. 813, 65 S.Ct. 113, 89 L.Ed. 647 (1944) is still viable. See also Arthritis Foundation v. Beisse, 456 So.2d 954 (Fla. 4th DCA 1984), rev. den., 467 So.2d 999 (Fla. 1985). The present statute is rationally related to its purpose. Lalli v. Lalli, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978).
The legislature has recognized the difference between a decedent's imminent concern for his or her immortality at the expense *295 of those mortals dependent upon the decedent who are left behind and those decedents who have given a lengthier consideration of charity prior to their demise. While the statute may be broader than the defined purpose of protecting the surviving spouse and lineal descendants from improvident charitable bequests, such restriction of scope is a problem for the legislature to cure. In re Blankenship's Estate, 122 So.2d 466 (Fla. 1960); In re Pratt's Estate, 88 So.2d 499, 501 (Fla. 1956).
We find the Florida statute under scrutiny different from those in other states in which the "Mortmain" statutes have been held unconstitutional. Most important is the savings clause in section 732.803(1)(e), which provides that a devise to a charity will stand, notwithstanding that the making of the will was within six months of the testator's date of death, if a similar devise was contained in a preceding will or codicil. In addition, our statute does not automatically void the charitable bequest, but makes it voidable at the option of the surviving spouse or lineal descendant, and only if avoidance would inure to their benefit.
We find no merit to the cross appeal, which attacks the trial court's determination that appellant had standing to file the subject petition. Notwithstanding appellant's limited bequest under the will, she would be entitled to her intestate share upon the avoidance or absence of the residuary clause. See In re Barker's Estate, 448 So.2d 28 (Fla. 1st DCA 1984); In re Reid's Estate, 399 So.2d 1032 (Fla. 1st DCA 1981); Ruppert v. Hastings' Estate, 311 So.2d 810 (Fla. 1st DCA 1975).
COBB and COWART, JJ., concur.