SAWAYA, C.J.
Mary Barley, individually and as personal representative of the estate of her deceased husband, George Barley, Jr., appeals the dismissal of her motion to appoint a corporate trustee for the residuary trust created under the decedent’s Last Will and Testament. She also appeals the order that appointed a substitute individual trustee for that trust.
When he died, the decedent left a substantial estate. In accordance with the decedent’s Last Will and Testament, Mary Barley was appointed the personal representative. The will established a marital trust, which received ninety percent of the estate assets, excluding the decedent’s personal property. After payment of costs and expenses associated with the administration of the estate, the remainder of the assets were to be placed in a residuary trust for the benefit of the decedent’s three adult children from another marriage. The will directed that the assets placed into the residuary trust be divided into three equal shares, with each equal share to be placed into a separate trust for each child. The will appointed Mary Barley and Bessemer Trust Company [Bessemer] as co-trustees for all trusts and provided for the appointment of successor trustees in the event either was unwilling or unable to serve.
Mary Barley and Bessemer declined to serve as co-trustees of the residuary trust because it was not funded.[1] The three adult children petitioned the probate court to appoint Brenden Hurley, the husband of one of the children, as trustee of the residuary trust. A hearing was held and Hurley was appointed without objection from Mary Barley. Approximately four years later, when it became apparent that the estate would receive a significant amount of funds from the settlement of a lawsuit and that the residuary trust would now receive funds from the estate, the three adult children, as beneficiaries of the trust, filed a motion to substitute Steven Bareus as-trustee for the residuary trust. Mary Barley, individually and as personal representative, filed a motion for appointment of a corporate trustee alleging that the will “requires the appointment of a bank or trust company having trust powers to serve as trustee.”
The probate court dismissed Mary Barley’s motion because it found she did not have standing, either individually or as personal representative of the decedent’s estate, to file the motion. The probate court granted the children’s motion and entered an order appointing Bareus as the trustee of the residuary trust. We reverse because Mary Barley, in her individual and representative capacity, is an interested person in the residuary trust and because the will requires appointment of a corporate trustee.
An “interested person” is defined as “any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved. In any proceeding affecting the estate or the rights of a beneficiary in the estate, the personal representative of the estate shall *44 be deemed an interested person.” § 731.201(21), Fla. Stat. (2002). Mary Barley, in her individual capacity, is an “interested person” in the residuary trust because the will provides that if the decedent’s children and their children predecease Mary Barley, she and Harvard University are to take equally the remaining assets in the residuary trust. Therefore, as a contingent remainder beneficiary of that trust, she is an interested person and thus has standing to challenge the appointment of the trustee of that trust. See Richardson v. Richardson, 524 So.2d 1126 (Fla. 5th DCA 1988). Moreover, Mary Barley, in her capacity as personal representative, is also an interested person in the residuary trust because that trust was created under the decedent’s will and the funding for that trust must come from a portion of the assets of the estate. Accordingly, the probate court erred when it dismissed her petition for lack of standing. We next determine whether the probate court erred when it appointed an individual rather than a corporate trustee as required under the provisions of the will.
We must analyze the terms of the will relating to the appointment of a successor trustee in order to determine whether the probate court erred in appointing Barcus as the trustee. The will provides in pertinent part:
The individual Co-Trustee at any time serving in that capacity may remove the corporate Co-Trustee then serving and appoint any bank or trust company having trust powers to serve as its successor.
In the event the corporate Co-Trustee or Trustee is not willing or able to serve as my Co-Trustee or Trustee, the individual Co-Trustee, if any, who is then serving in such capacity shall appoint any bank or trust company having trust powers to serve as successor corporate Co-Trustee. In the event there is no individual Co-Trustee then serving in that capacity, a majority of the adult income beneficiaries of any trusts created herein who are then receiving income from a trust shall appoint any bank or trust company having trust powers to serve as successor corporate Trustee.
We analyze this portion of the decedent’s will with certain basic legal principles in mind. If the provisions of the will are clear and unambiguous, we need not engage in judicial construction; rather, we apply the provisions according to their plain and ordinary meaning. See Kemk-amp v. Bolthouse, 714 So.2d 655, 656 (Fla. 5th DCA 1998) (citing First Nat’l Bank of Fla. v. Moffett, 479 So.2d 312 (Fla. 5th DCA 1985)). Equally important, we must strive to discern the intent of the testator and give effect to his or her wishes. Mof-fett. We do not believe that the quoted provisions are unclear or ambiguous. To the contrary, we believe that they clearly convey the intent of the decedent at the time he executed the will.
According to the pertinent provision quoted above, if Bessemer, as the corporate trustee, is unable or unwilling to serve, the individual trustee “who is then serving in such capacity” shall appoint a corporate trustee. This quoted language clearly means that an individual trustee would have the authority to appoint a successor trustee only if he or she was serving as individual trustee of the residuary trust at the time Bessemer declined to serve. The record shows that no one was serving as individual trustee for the residuary trust at the time Bessemer declined to serve as corporate trustee of that trust. Therefore, according to the will, “a majority of the adult income beneficiaries of any trusts created herein who are then receiving income from a trust shall appoint any *45 bank or trust company having trust powers to serve as successor corporate trustee.” Because the residuary trust was not funded at the time Bessemer declined to serve, there were no income beneficiaries receiving income from that trust. The only other trust created by the will was the marital trust. Mary Barley was the only beneficiary receiving income from that trust, thereby making her the only person with the authority to appoint a corporate successor trustee of the residuary trust.
We conclude from the plain and unambiguous provisions of the decedent’s will that he intended to have a corporate trustee for all of the trusts created by his will. Because the residuary trust was not funded and Mary Barley and Bessemer declined to serve as trustees for that reason, Hurley was appointed as trustee and that appointment is not a contested issue in this appeal. However, once Hurley decided to step down and the probate court was asked to appoint a successor trustee, the court’s order appointing Barcus rather than a corporate trustee was error and contrary to the intent of the decedent.
Abiding by the fundamental rule that requires us to give effect to the testator’s clearly expressed intent, we must reverse the order dismissing Mary Barley’s petition and the order appointing Barcus as an individual trustee of the residuary trust and remand this case to the trial court for further proceedings consistent with this opinion.
REVERSED and REMANDED.
ORFINGER and MONACO, JJ., concur.

. Apparently no estate assets remained after the costs and expenses associated with administration of the estate were paid.