BENTON, C.J.
Laurie Basile and Leanne Krajewski, nieces of the late Ann Dunn Aldrich, seek review of the summary final judgment entered in favor of James Michael Aldrich, Ann’s brother and their uncle.[1] We hold that, where a will fails to dispose of all of a decedent’s property (Ann’s will has no residuary clause), “partial intestacy” results; and that property Ann owned at the time of her death not disposed of by her will passes to her heirs, in the manner prescribed by sections 732.101-.111, Florida Statutes (2009). Accordingly, we reverse and remand.
I.
On April 5, 2004, Ms. Aldrich wrote her will on an “E-Z Legal Form.” In Article III, entitled “Bequests,” just after the form’s pre-printed language “directing] that after payment of all my just debts, my property be bequeathed in the manner following,” she hand wrote instructions directing that all of the following “possessions listed” go to her sister, Mary Jane Eaton:
—House, contents, lot at 150 SW Garden Street, Keystone Heights FL 32656
—Fidelity Rollover IRA 162-583405 (800-544-6565)
—United Defense Life Insurance (800-247-2196)
—Automobile Chevy Tracker, 2CNBE 13c916952909
—All bank accounts at M & S Bank 2226448, 264679, 0900020314 (352-473-7275).
Ann also wrote: “If Mary Jane Eaton dies before I do, I leave all listed to James Michael Aldrich, 2250 S. Palmetto 114 S Daytona FL 32119.” Containing no other distributive provisions, the will was duly signed and witnessed.
Three years later, Ms. Eaton did die before Ann, becoming her benefactor instead of her beneficiary. Ms. Eaton left cash and land in Putnam County to Ms. Aldrich, who deposited the cash she inherited from Ms. Eaton in an account she opened for the purpose with Fidelity Investments. On October 9, 2009, Ann Dunn Aldrich herself passed away, never having revised her will to dispose of the inheritance she had received from her sister.
Mr. Aldrich was appointed personal representative of Ann’s estate. After a court order authorized him to sell the Putnam County real property, he filed a petition for construction of the will and initiated an adversary proceeding in the probate case. *684 The petition asked the court to decide who should receive the proceeds of the sale of the real property in Putnam County, and the cash Ann had inherited from Ms. Eaton and put in the Fidelity Investments account.
In his petition, Mr. Aldrich took the position that the most reasonable and appropriate construction of the will was that Ann intended her entire estate, including what she had inherited from her sister, to pass to him, citing (1) “[t]he will itself, which names only decedent’s predeceased sister, Ms. Eaton, and [Mr. Aldrich] as beneficiaries, and which devised all of the property then owned by decedent”; (2) “[s]ection 732.6005(2), [Florida Statutes], which provides that a will is to be construed to pass all property that a testator owns at death, including property acquired after the execution of the will”; and (3) “[t]he legal presumption that in making a will a testator intended to dispose of his or her entire estate, as well as the legal presumption against a construction that results in partial intestacy.”
The petition did concede the possibility of another construction of the will, suggesting as an alternative that “by her will decedent intended to dispose of only the property specifically listed in the will, and not property that she may subsequently have acquired.” Under the latter scenario, the petition recognized, the trial court would be required “to treat decedent as having died intestate as to the after-acquired property,” and alleged that, in that event, the after-acquired property would pass one-half to Mr. Aldrich, one-quarter to Ms. Basile, and one-quarter to Ms. Kra-jewski. All agree that Mr. Aldrich is entitled to the property actually listed in the will.
The parties filed motions for summary judgment. The nieces, Ms. Basile and Ms. Krajewski, argued that, without any general devises and in the absence of a residuary clause, Ann’s will contained no mechanism to dispose of the after-acquired property or any other property not mentioned in the will, so that she had died intestate as to the Putnam County property and the cash in the non-IRA Fidelity Investments account. The trial court rejected this argument on the purported authority of section 732.6005(2), and entered summary final judgment in favor of Mr. Aldrich. But section 732.6005(2) does not control the question. Because the disputed property was not alluded to in the will, it does not matter whether it was acquired before or after the will was executed.
II.
At one time — under the Florida statute of wills of 1828, in force until the Revised Statutes took effect on June 13, 1892 — a will was ineffective to devise Florida real estate that the testator had no interest in at the time the will was executed. See Frazier v. Boggs, 37 Fla. 307, 20 So. 245, 248 (1896). Since June 13, 1892, however, a will containing a residuary clause has been effective to transfer after-acquired property. See DePass v. Kan. Masonic Home, 132 Fla. 455, 181 So. 410, 413 (1938). Section 5459, Compiled General Laws of Florida (1927) provided:
Construction of wills.-Every general or residuary devise or bequest in a will shall be construed to apply to the property owned by the testator at the time of his death, unless restricted in the will to that owned by him at the time of the execution of the will.
To like effect, the Legislature, in enacting the Probate Act of 1933, section 5477(2)(b), Compiled General Laws of Florida (Supp. 1933) (subsequently renumbered section 731.05(2)), provided:
A will becomes effective at the time of the death of the testator and all proper *685 ty, real or personal, acquired by the testator after making his will is transmissible under general expressions in the will showing such to be the intention of the testator. Every will containing a residuary clause shall transmit after-acquired property, unless the testator expressly states in his will that such is not his intention.
The supreme court explained in In re Vail’s Estate, 67 So.2d 665, 670 (Fla.1953), that the primary purpose of this section “was to permit transmissal of after-acquired property by will rather than by intestacy.”
In 1974, the Florida Legislature adopted the Uniform Probate Code. As part of this enactment, section 781.05 was repealed, and section 732.602 was enacted. Ch. 74-106, § 1, at 227 and § 3, at 319, Laws of Fla. Newly enacted section 732.602 provided:
Construction that will passes all property.-A will is construed to pass all property that the testator owns at his death, including property acquired after the execution of the will.[2]
§ 732.602, Fla. Stat. (1974 Supp.). Contrary to Mr. Aldrich’s contention, our holding today does not improperly reinsert (by implication) language from section 5477(2) of the Probate Act of 1933 that the Legislature wanted to root out in 1974 to effect a change.
For one thing, the 1974 amendment, effected by Chapter 74-106, § 1, at 227, Laws of Florida, was largely housecleaning not intended to effect substantive changes to section 5477(2) of the Probate Act of 1933. According to Henry P. Trawick, Jr., Trawick’s Redfeam Wills and Administration in Florida, § 1.2 (2010-11 ed.), “[t]he Legislature created the Florida Uniform Probate Code Study Commission to consider adoption of the Uniform Probate Code. With little debate the commissioners decided that the Florida Probate Act of 1933 was generally satisfactory so the Commission placed the existing statutes in the format of the Uniform Probate Code insofar as possible. This had the effect of preserving considerable decisional law and of avoiding a number of significant and untested changes.”
In 1975, former section 732.602 was repealed, and section 732.6005 was created. Ch. 75-220, §§ 33, 35, at 519-20, Laws, of Fla. Except for “genderfication,” see Chapter 97-102, § 965, at 1342, Laws of Florida, and Chapter 2001-226, § 49, at 2004, Laws of Florida, the original version of section 732.6005 has never been amended. State, Dept. of Children & Family Servs. v. L.G., 801 So.2d 1047, 1052 (Fla. 1st DCA 2001). Section 732.6005, Florida Statutes (2009), provides:
(1) The intention of the testator as expressed in the will controls the legal effect of the testator’s dispositions. The *686 rules of construction expressed in this part shall apply unless a contrary intention is indicated by the will.[3]
(2) Subject to the foregoing, a will is construed to pass all property which the testator owns at death, including property acquired after the execution of the will.
(Emphasis supplied.) Section 732.6005 has always been codified under Part VI of the Florida Probate Code, the part entitled “rules of construction.”
III.
Only subsection (1) of section 732.6005 applies to the dispute here: If discernible from the will, the testator’s intent must be given effect, unless doing so would be illegal or otherwise contrary to public policy. See In re Estate of Tolin, 622 So.2d 988, 990 (Fla.1993); First Union Nat’l Bank of Fla., N.A. v. Frumkin, 659 So.2d 463, 464 (Fla. 3d DCA 1995); Rogers v. Atl. Nat’l Bank of Jacksonville, 371 So.2d 174, 176 (Fla. 1st DCA 1979). Subsection (2) of section 732.6005 does not apply because it is expressly “[s]ubject to” subsection (1), which provides: “The intention of the testator as expressed in the will controls the legal effect of the testator’s dispositions.” § 732.6005(1), Fla. Stat. (2009). The language of Ann’s will is unambiguous and its intent is clear.
Ms. Aldrich devised her house and lot in Keystone Heights, and bequeathed its contents, together with other personal property that the will identifies with painstaking specificity.[4] Her will plainly evinces an intent to dispose of each particular item of property the will names. Equally plainly, the will manifests no intent to dispose of the disputed property, property the will does not allude to in any way. Among such property not so much as hinted at is the real property in Putnam County. Nor does the will, which lists bank accounts by specifying the account numbers, and a “Fidelity Rollover IRA 162-583405,” make mention of cash in the other (non-IRA) Fidelity Investments account.
Insofar as it delimits the parts of her estate on which it operates, the will is fairly susceptible of only one interpretation. The “intention of the testator, as expressed in his will, shall prevail over all other considerations, if consistent with the principles of law.” Lines v. Darden, 5 Fla. 51, 68 (1853) (emphasis supplied). “To the greatest extent possible, courts and personal representatives are obligated to hon- or the testator’s intent in conformity with the contents of the will.” Espinosa v. Sparber, Shevin, Shapo, Rosen & Heil-bronner, 612 So.2d 1378, 1380 (Fla.1993) (emphasis supplied) (citing In re Blocks’ Estate, 143 Fla. 163, 196 So. 410 (1940)). See also Diana v. Bentsen, 677 So.2d 1374, 1376 (Fla. 1st DCA 1996) (“The purpose of construing a will is to give effect to the decedent’s intention as expressed in the will”) (emphasis supplied).
In order for property, after-acquired or not, to pass under a will, the will must *687 dispose of it in some manner. Whether acquired before, after, or at the time a will is executed, assets covered by no provision of the will — specific, general, or residuary — are not disposed of under the will. Ms. Aldrich’s will does not say the first thing about real property in Putnam County or a non-IRA account at Fidelity Investments. The will cannot, therefore, dispose of these items, not because they are after-acquired, but because no provision of the will covers them.
IV.
A will is not subject to judicial revision merely because it does not dispose of all of the testator’s property. Given the specificity of the devise and bequests in Ann Dunn Aldrich’s will, including the house address, account numbers and a vehicle identification number, invocation of section 732.6005(2) as a basis for construing the will to dispose of the Putnam County property and an account not identified in the will is unwarranted. Synec-doche is a rhetorical device, not a judicial doctrine. “[I]f a will disposes of only one small specific item out of a large and valuable estate, it would be absurd to hold that the devisee of that one small item is entitled to the remainder of the estate.” Matter of Estate of Allen, 150 Mich.App. 413, 388 N.W.2d 705, 707 (1986). The same logic applies in the present case.
Those opposing partial intestacy in In re Estate of Barker, 448 So.2d 28 (Fla. 1st DCA 1984), argued that the testatrix had evinced her intent to exclude certain of her heirs from taking anything more than the nominal (one-dollar) bequests she had made to them. (Ms. Aldrich’s will reflects nothing of the kind regarding any of her heirs.) The Barker court’s answer was: “ ‘In order to cut off an heir’s right to succession a testator must do more than merely evince an intention that the heir shall not share in the estate — he must make a valid disposition of his property.’ ” Id. at 31 (quoting In re Estate of Levy, 196 So.2d 225, 229 (Fla. 3d DCA 1967)). Ms. Aldrich’s will made no “valid disposition” of the Putnam County realty or of the non-IRA account at Fidelity Investments.
V.
A testator may choose to dispose of only a portion of his or her estate by will, allowing the balance to descend under the laws of intestate succession. See § 732.101(1), Fla. Stat. (2009); Barker, 448 So.2d at 31; In re Stephan’s Estate, 142 Fla. 88, 194 So. 343, 344 (1940). See also § 733.805, Fla. Stat. (2009) (setting forth the order in which funds or property designated by the will abate, beginning with property passing by intestacy). While the will does not dispose of all the property Ann Dunn Aldrich owned at her death, this circumstance is hardly unique to her or her estate and does not contravene any rule of law or public policy. Nor does the will reflect any mistake on her part.
The provisions of section 732.6005 plainly do require that the specific bequest of the contents of the Keystone Heights house be “construed to pass all” such contents which Ms. Aldrich owned at the time of her death “including property [any contents of the house] acquired after the execution of the will.” § 732.6005(2), Fla. Stat. (2009). Similarly, the will should be “construed to pass all” the money at the time of her death in each of the bank accounts the will specifies, including money deposited in those accounts “after the execution of the will.” Id. We reject the separate opinion’s perplexing contention that in “effect, the majority opinion determines that section 732.6005 does not apply to wills that do not contain general devises or a residuary clause.” Post, p. 15.
*688 But no residuary clause nor any other “intention of the testator as expressed in the will” encompasses the Putnam County realty or any personalty aside from the subjects of the specific bequests. § 732.6005(1), Fla. Stat. (2009). The will contains no provision that would “necessarily indicate that she did not wish her residuary estate to be distributed to her legal heirs as intestate property.” Barker, 448 So.2d at 31. It does not matter whether or not Ann Dunn Aldrich owned real property in Putnam County or held cash in a non-IRA account at Fidelity Investments at the time she executed her will, or acquired the real property and deposited the cash afterwards. In either event, the will as written and executed failed to dispose of those unmentioned assets.
VI.
Section 732.6005(2) is, after all, a rule of construction. Rules of construction are to be resorted to only if the testator’s intent cannot be ascertained from the will itself. See, e.g., Barley v. Barcus, 877 So.2d 42, 44 (Fla. 5th DCA 2004); First Natl Bank of Fla. v. Moffett, 479 So.2d 312, 313 (Fla. 5th DCA 1985); In re Estate of Lesher, 365 So.2d 815, 817 (Fla. 1st DCA 1979). The presumption against partial intestacy is designed to resolve ambiguities where they exist. The presumption should not be applied to create ambiguities in a will where none would otherwise exist.
In the present case, Ann’s will makes her intent when she executed it crystal clear. “There are simply no conflicting provisions of the ... will [in any way concerning the disputed property] which require construction.” Barker, 448 So.2d at 31. “ ‘If the terms of a will are such as to permit two constructions, one of which results in intestacy and the other of which leads to a valid testamentary disposition, the construction is preferred which will prevent intestacy.’ In re Gregory’s Estate, 70 So.2d 903, 907 (Fla.1954) (quoting Redfearn on Wills and Administration of Estate in Florida, 2d ed., p. 192).” In re Estate of McGahee, 550 So.2d 83, 87 (Fla. 1st DCA 1989) (emphasis supplied). The terms of Ms. Aldrich’s will do not dispose of any property other than the property the will specifically identifies, and cannot fairly be construed otherwise.
VII.
In an abundance of caution, we certify the following question as a question of great public importance within the meaning of Article V, section 3(b)(4) of the Florida Constitution, and Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v):
WHETHER SECTION 732.6005, FLORIDA STATUTES (2004), REQUIRES CONSTRUING A WILL AS DISPOSING OF PROPERTY NOT NAMED OR IN ANY WAY DESCRIBED IN THE WILL, DESPITE THE ABSENCE OF ANY RESIDUARY CLAUSE, OR ANY OTHER CLAUSE DISPOSING OF THE PROPERTY, WHERE THE DECEDENT ACQUIRED THE PROPERTY IN QUESTION AFTER THE WILL WAS EXECUTED?
We reverse the order granting summary judgment to the appellee, and remand with directions that summary judgment be entered for appellants, and for further proceedings consistent with this opinion.
THOMAS, J., Concurs; VAN NORTWICK, J., Concurs in Part and Dissents in Part with Opinion.

. When she died, Ann left neither spouse nor child. Nor did any other sibling or any other offspring of predeceased siblings survive her.

. The Uniform Probate Code was approved by the National Conference of Commissioners on Uniform State Laws, and by the American Bar Association, in August of 1969. See Unif. Probate Code, Historical Notes, 8 U.L.A. 1 (1998). Section 2-604 of the 1969 Uniform Probate Code provided: "A will is construed to pass all property which the testator owns at his death including property acquired after the execution of the will.” This provision was later moved to section 2-602 of the Uniform Probate Code, and amended to state: "A will may provide for the passage of all property the testator owns at death and all property acquired by the estate after the testator’s death.” Unif. Probate Code § 2-602, 8 U.L.A. 164 (1998). The Comment to this section states the purpose is "to assure that, for example, a residuary clause in a will not only passes property owned at death that is not otherwise devised, even though the property was acquired by the testator after the will was executed, but also passes property acquired by a testator’s estate after his or her death.” Id.

. Section 732.6005(1), Florida Statutes (2009) is based on and virtually identical to section 2-603 of the 1969 Uniform Probate Code.

. “A specific legacy is a gift by will of property which is particularly designated and which is to be satisfied only by the receipt of the particular property described.” In re Estate of Udell, 482 So.2d 458, 460 (Fla. 4th DCA 1986) (quoting In re Estate of Parker, 110 So.2d 498, 500 (Fla. 1st DCA 1959)). See also In re Estate of Gilbert, 585 So.2d 970, 972 (Fla. 2d DCA 1991) (a specific bequest or devise " is a gift of a particular thing or of a specified part of the testator’s estate so described as to be capable of distinguishment from all others of the same kind.’ " (quoting Park Lake Presbyterian Church v. Henry’s Estate, 106 So.2d 215, 217 (Fla. 2d DCA 1958))).