QUINCE, J.
This ease is before the Court for review of the decision of the First District Court of Appeal in Basile v. Aldrich, 70 So.3d 682 (Fla. 1st DCA 2011), where the district court certified the following question to be of great public importance:
WHETHER SECTION 732.6005, FLORIDA STATUTES (2004) REQUIRES CONSTRUING A WILL AS DISPOSING OF PROPERTY NOT NAMED OR IN ANY WAY DESCRIBED IN THE WILL, DESPITE THE ABSENCE OF ANY RESIDUARY CLAUSE, OR ANY OTHER CLAUSE DISPOSING OF THE PROPERTY, WHERE THE DECEDENT ACQUIRED THE PROPERTY IN QUESTION AFTER THE WILL WAS EXECUTED?
Id. at 688. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons stated below, we approve the decision of the First District and answer the certified question in the negative.
Facts and Procedural History
On April 5, 2004, Ms. [Ann] Aldrich wrote her will on an “E-Z Legal Form.” In Article III, entitled “Bequests,” just after the form’s pre-printed language “directing] that after payment of all my just debts, my property be bequeathed in the manner following,” she hand wrote instructions directing that all of the following “possessions listed” go to her sister, Mary Jane Eaton:
— House, contents, lot at 150 SW Garden Street, Keystone Heights FL 32656
— Fidelity Rollover IRA 162-583405 (800-544-6565)
— United Defense Life Insurance (800-247-2196)
— Automobile Chevy Tracker, 2CNBE 13c916952909
— All bank accounts at M & S Bank 2226448, 264679, 0900020314 (352-473-7275).
Ann also wrote: “If Mary Jane Eaton dies before I do, I leave all listed to James Michael Aldrich, 2250 S. Palmetto 114 S Daytona FL 32119.” Containing no other distributive provisions, the will was duly signed and witnessed.
Three years later, Ms. Eaton did die before Ann, becoming her benefactor instead of her beneficiary. Ms. Eaton left cash and land in Putnam *532 County to Ms. Aldrich, who deposited the cash she inherited from Ms. Eaton in an account she opened for the purpose with Fidelity Investments. On October 9, 2009, Ann Dunn Aldrich herself passed away, never having revised her will to dispose of the inheritance she had received from her sister.
Aldrich, 70 So.3d at 683. After being appointed as personal representative of Ms. Aldrich’s estate, Mr. Aldrich sought to have a court determine who would inherit the property that Ms. Aldrich acquired after the execution of her will. Id. at 684. Laurie Basile and Leanne Krajewski, Ms. Aldrich’s nieces from a predeceased brother, asserted an interest in the probate action.[1] Id. Mr. Aldrich initiated an adversary proceeding in the probate case and argued that the most reasonable and appropriate construction of the will was that Ms. Aldrich intended for her entire estate, including what she had acquired from her sister, to pass to him. Id. at 683-84. As support for this assertion, Mr. Aldrich cited: (1) the language of the will that only named Ms. Aldrich’s predeceased sister and Mr. Aldrich as beneficiaries and disposed of all of the property then owned by the decedent; (2) section 732.6005(2), Florida Statutes, which provides that a will shall be construed to pass all property that the testator owned at death, including property acquired after the will is executed; and (3) the legal presumptions against a construction that results in partial intestacy and that, in making a will, a testator intends to dispose of his or her entire estate. Id. at 684.
The nieces argued that without any general devises and in the absence of a residuary clause, Ms. Aldrich’s will contained no mechanism to dispose of the after-acquired property or any other property not mentioned in the will, so that she died intestate as to the Putnam County property and the cash in the non-IRA Fidelity Investments account. Id. The trial court entered summary judgment in favor of Mr. Aldrich on the purported authority of section 732.6005(2). Id.
The First District reversed the decision of the trial court, concluding that section 732.6005(2) does not control the question presented by these facts because the disputed property was not alluded to in the will and, therefore, it is irrelevant whether it was acquired before or after the will was executed. Id. The First District determined that only subsection (1), not (2), of section 732.6005 applies to the instant case. Id. at 686. Section 732.6005(1) provides: “The intention of the testator as expressed in the will controls the legal effect of the testator’s dispositions.” § 732.6005(1), Fla. Stat. (2004). The court explained that Ms. Aldrich devised her property with “painstaking specificity. Her will plainly evinces an intent to dispose of each particular item of property the will names. Equally plainly, the will manifests no intent to dispose of the disputed property, property the will does not allude to in any way.” Aldrich, 70 So.3d at 686. The First District reversed the trial court’s order granting summary judgment to Mr. Aldrich and remanded the case with directions to enter summary judgment in favor of the decedent’s nieces. Id. at 688.
Analysis
The events that led to this case were based on the following timeline: Ann Aid-rich executed her will on April 12, 2004. Ms. Aldrich’s sister, Ms. Eaton, died on November 10, 2007. Administration of Ms. Eaton’s estate was concluded and an *533 Order of Discharge was entered on July 28, 2008, leaving Ann Aldrich personal and real property. Two days later, Ann Aid-rich opened an investment account to deposit the inherited money. Evidence in the record suggests that, later that year, Ms. Aldrich attempted to draft a codicil to her original will. Along with the original will was a piece of paper bearing the printed title “Just a Note” and dated November 18, 2008, below Ms. Aldrich’s handwriting and signature. The handwritten note read as follows:
This is an addendum to my will dated April 5, 2004. Since my sister Mary jean' Eaton has passed away, I reiterate that all my worldly possessions pass to my brother James Michael Aldrich, 2250 S. Palmetto, S. Daytona FL 32119.
With her agreement I name Sheila Aid-rich Schuh, my niece, as my personal representative, and have assigned certain bank accounts to her to be transferred on my death for her use as she seems [sic] fit.
Although Ms. Aldrich signed the “addendum,” the signature of Sheila Schuh, Mr. Aldrich’s daughter, was the only other signature that appeared, on the face of the document; therefore, the document was not an enforceable testamentary instrument under the Florida Probate Code.[2] In October 2009, Ann Aldrich passed away. Aldrich, 70 So.3d at 683.
Mr. Aldrich essentially argues that the testator’s intent to dispose of her entire estate should lead this Court to construe her will as devising all of her property to the sole heir in the will, including the property not mentioned in the will. The testator’s nieces argue that the property that the testator acquired after the execution of the will should pass through intestacy, since the testator did not mention the property in the will and, therefore, had no clear intention as to the property. A similar view is expressed in an amicus brief filed by the Real Property Probate and Trust Law Section of The Florida Bar, which found no general bequest in the will that would indicate the testator’s intent for the after-acquired property to pass under the will.
The legislative history of Florida law regarding wills and after-acquired property supports the conclusion and reasoning of the First District below. Prior to June 13, 1892, a will was ineffective to devise real property in Florida that the testator had no interest in at the time the will was executed. See Frazier v. Boggs, 37 Fla. 307, 20 So. 245, 248 (1896) (citing Ch. 200, § 1, McClellan’s Digest at 985-86 (1881)). Upon the effectuation of the Revised Statutes of 1892, any will containing a residuary clause has been effective to transfer property acquired after the execution of the will, if the testator has an interest in the property at the time of death, unless the testator expressly states in the will that such is not his or her intention. § 1794, Fla.Rev.Stat. (1892); see also De-Pass v. Kan. Masonic Home, 132 Fla. 455, 181 So. 410, 413 (1938). The Legislature used similar language when it enacted the Probate Act of 1933. See § 5477(2)(b), Compiled General Laws of Fla. (Supp. 1933) (subsequently renumbered section 731.05(2)).
In In re Vail’s Estate, 67 So.2d 665 (Fla.1953), this Court explained that the primary purpose of this section “was to permit transmissal of after-acquired property by will rather than by intestacy.” Id. at 670. Additionally, the Legislature *534 amended the 1974 Uniform Probate Code to clarify that a residuary clause in a will may pass property acquired by the testator’s estate after the testator’s death. See § 732.602, Fla. Stat. (Supp.1974). The staff analysis conducted in conjunction with the amendment indicates that the amendment was not intended to substantively change section 5477(2) of the Probate Act of 1933.
In 1975, former section 732.602 was repealed, and section 732.6005 was created. Ch. 75-220, §§ 33, 35, at 519-20, Laws, of Fla. The original version of section 732.6005 has never been amended. Section 732.6005, Florida Statutes (2004), provides:
(1) The intention of the testator as expressed in the will controls the legal effect of the testator’s dispositions. The rules of construction expressed in this part shall apply unless a contrary intention is indicated by the will.
(2) Subject to the foregoing, a will is construed to pass all property which the testator owns at death, including property acquired after the execution of the will.
(Emphasis added).
As a note to the First District’s assertion that “the 1974 amendment, effected by Chapter 74-106, § 1, at 227, Laws of Florida, was largely housecleaning not intended to effect substantive changes to section 5477(2) of the Probate Act of 1933,” id. at 685, the legislative analysis for Chapter 74-106 contains a diagram entitled “Analysis of Major Changes-Florida Probate Code” which delineates then current laws and the proposed changes that would occur under the Florida Probate Code; former section 732.602 (currently section 732.6005(2)) was not listed as a “major change,” nor was any other statute related to property acquired after the execution of a will. Fla. H.R. Comm, on Judiciary, Proposed Comm. Bill Relating to Probate Reform 4050 (Apr. 30, 1974) Staff Analysis (available from Fla. Dep’t of State, Fla. State Archives, Tallahassee, Fla.). This supports the First District’s conclusion that the removal of the explicit requirement for a residuary clause to transmit after-acquired property was not actually meant to be a substantial change in the law. It further supports the Respondents’ assertion that the Legislature changed the language of the statute to clarify its original intention, and not to change the law. See Respondent’s Brief, at 21-2 (citing State ex rel. Szabo Food Servs., Inc. of N. Carolina v. Dickinson, 286 So.2d 529, 531 (Fla.1973)).
Also important in this analysis is how Florida’s intestacy statute relates to section 732.6005. When the Florida Legislature adopted the Uniform Probate Code, it enacted section 732.101 entitled “Intestate Estate,” which provided:
Any part of the estate of a decedent not effectively disposed of by will passes to the decedent’s heirs as prescribed in the following sections of this code.
Ch. 74-106, § 1; § 732.101, Fla. Stat. (2004). The legislature adopted section 732.602 (currently section 732.6005(2)) in the same chapter. Id. Section 732.6005(2) provides:
... a will is construed to pass all property which the testator owns at death, including property acquired after the execution of the will.
§ 732.6005(2), Fla. Stat. (2004). The Legislature did not limit the application of the intestacy statute for estates containing after-acquired property. And so it appears that the Legislature intended for after-acquired property to also be subject to the intestacy statute in the event it is “not effectively disposed of by will.” Therefore, Mr. Aldrich’s assertion that after-acquired property which is not effectively disposed *535 of by will, either by a specific, general or residuary devise, should nonetheless avoid the intestacy statute and instead be distributed under the will is not supported by Florida law.
It has been well established that “in construing a will the intention of the testator is the controlling factor and it should be gleaned from the four corners of the will unless the language employed by the testator is ambiguous, in which case the testimony of competent witnesses may be received and considered as an aid to the court in its quest for the testator’s intent.” Adams v. Vidal, 60 So.2d 545, 547 (Fla.1952). The testator’s intention as expressed in the will controls, not that which she may have had in her mind. See Estate of Murphy, 340 So.2d 107, 109 (Fla.1976) (“A will speaks as of the time of the death of the testator. ‘In construing a will, it is the intention which the testator expresses in the will that controls and not that which he might have had in mind when the will was executed.’ ”) (quoting lies v. lies, 158 Fla. 493, 29 So.2d 21, 22 (1947) (citation omitted)).
It is clear from the language of Ms. Aldrich’s will that she intended to leave all of the property listed to her brother, Mr. Aldrich, in the event her sister, Ms. Eaton, predeceased her. Ms. Aldrich expressed no intent as to any property that she may have acquired after the execution of her will, as the document did not include a residuary clause, nor did it include any general bequests that could encompass the inherited property. Mr. Aldrich is asking this Court to infer from the four corners of the will that the testator intended to devise all of her property to the sole person mentioned in the will, including the inherited property which was not mentioned in the will, based on the assertion that the testator did not intend to die intestate as to any of her property. This conclusion is simply not supported by the four corners of the document.
Ms. Aldrich’s will states that she intended for all of the property that she listed to pass to her brother. Although it was not disputed that the property listed in the will was substantially all, if not completely all, of the property owned by the decedent at the time she executed the will, Ms. Aldrich did not explicitly state that her identified beneficiaries were to receive all of the property that she owned at her death, only the property that she listed in her will. If Ms. Aldrich did in fact intend to devise all of the property she owned at death to her named devisee, her intent would have been better served through the use of a residuary clause or general devises of personal and real property in the will. See Murphy, 340 So.2d at 109 (Testator could not be said to have intentions as to after-acquired property except as indicated in a residuary clause).
The testator had nearly two years to decide how the after-acquired property would be distributed. She inherited approximately $122,000 in cash, which she deposited into an account she opened with Fidelity Investments days after she received it. At the time of her death, the investment account containing the after-acquired money had an approximate balance of $87,000. The decedent did not “effectively dispose of’ the Fidelity Investments account as she had done with the accounts listed in the will. It is possible that in the years that passed between executing the first will and receiving the inheritance from Ms. Eaton, that Ms. Ald-rich’s testamentary intent may have changed and that she became less eager to disinherit any additional heirs. Or, perhaps, Ms. Aldrich intended to sell the land and spend or gift all the inherited money during her lifetime, leaving none of this money to be disposed of by will. If Ms. *536 Aldrich intended for the inherited money to pass to her named beneficiaries through the will, she could have simply deposited said money into one of the already-existing accounts that were expressly disposed of in her will. Instead, she chose to deposit the after-acquired money into a new investment account, which would seem to indicate that she intended for that property to be separate from the money that she had already mentioned in her will.
The law does not preclude Ms. Aldrich from partially devising her estate and allowing the balance of the estate to be distributed according to the laws of intestate succession. In construing a will, this court determines a testator’s intent by looking to the language of the will, unless the face of the will contains ambiguous language, contradictory provisions or a mistake. See Perkins v. O’Donald, 77 Fla. 710, 82 So. 401, 404 (1919); Adams, 60 So.2d at 547 (Testator’s intention should be gleaned from four corners of will, unless language employed is ambiguous, in which case competent witnesses’ testimony may be received and considered as aid to court in determining such intention.); see also § 732.6005(1), Fla. Stat. (2004).
The will in the instant case does not result in a contradiction or ambiguous language. It is only upon the entertaining of extrinsic evidence that the testator’s true intent is debatable. Without the use of the extrinsic evidence, the testator’s will is clear as to its meaning and needs no interpretation in order to be implemented. “The inquiry is, not what the testator meant to express, but what the words which [s]he has used do express.” Perkins, 82 So. at 404.
Ms. Aldrich’s will is not ambiguous. There are no provisions in the will that are “difficult to reconcile.” See Marshall v. Hewett, 156 Fla. 645, 24 So.2d 1, 4 (1945) (“If there are expressions in the will which are difficult to reconcile, then the situation of the testator at the time he made his will, the ties that bound him to the objects of his beneficence, the motives that prompted him to make the will he did make, and the influences that wrought on him at the time, will be considered in arriving at the purpose of the testator.”) (citations omitted). The will is not ambiguous as to the question of whether Ms. Aldrich intended to dispose of after-acquired property. The will did not have a residuary clause or any general devises which could be interpreted as disposing of any of the inherited property. This court cannot infer from the four corners of the will, without adding words to the document, that in making provision for the property she owned on that day that she also intended to make provision for any property that she stood to gain in the future.
A similar issue was addressed by the First District in In re Barker, 448 So.2d 28 (Fla. 1st DCA 1984), where a personal representative sought to have a residuary clause from a prior will admitted into the probate action, claiming that the clause was inadvertently omitted from the later probated will. Id. at 30. In determining that the will needed no interpretation in order to be implemented, the court explained:
[I]t is the intention of the testator as expressed in the will that the court should carry into effect, and where the meaning of the words used by the testator is clear, it must be adopted, whatever the inclination of the court may be. The court may not alter or reconstruct a will according to its notion of what the testator would or should have done. Moreover, in the absence of clear legislative intent, the courts will not create or destroy testamentary disposition on the theory that the result accords with the natural desires of the deceased. The *537 court must assume that the testator meant what was said in his will. It is not the purpose of the court to make a will or to attempt to improve on one that the testator has made. Nor may the court produce a distribution that it may think equal or more equitable.
Id. at 31-2 (quoting 18 Fla.Jur.2d Decedent’s Property § 358 at p. 216). A court’s role is to enforce the stated intentions of the testator, not to discern the reasonableness of one potential devise over another.
To apply the construction of the will asserted by Mr. Aldrich “would be in effect to reform the will of [Ms. Aldrich], to supply what we might suppose to have been her intention for that which is expressed by the language of the will, to import into the will an intention not there expressed ... and by such so-called construction set aside the long-established principle embodied in the laws of the land.... ” Perkins, 82 So. at 406. There must be a clause in a will that alludes to the after-acquired property in order to avoid distribution of that property through the intestacy statute. Although Mr. Aid-rich was the sole devisee under the will, without a residuary clause or general devises, only the property specifically referenced passes to him under the will. Further, if a testator does not allude to after-acquired property in any way, a court would have difficulty deciding how to divide the after-acquired property between multiple beneficiaries. In that instance, the court would be required to equitably distribute the testator’s property. This is a task that has been reserved for the Legislature and has been accomplished through the intestacy statute. See §§ 732.102, 732.103, Fla. Stat.
Further, section 732.6005(2) states that “[t]he rules of construction expressed in this part shall apply unless a contrary intention is indicated by the will.” § 732.6005(2), Fla. Stat. (emphasis added). The will in the instant case does in fact indicate a contrary intention to that proposed by Mr. Aldrich. The testator’s will specifically devised all possessions “listed,” to Mr. Aldrich. Therefore, it is clear that the testator did not intend for any property not listed to be distributed by the will. Any other interpretation of the testator’s actions would require this Court to rewrite the will to include provisions regarding property for which the testator made none. In the present case, this Court would be forced to speculate that the testator intended for her sole devisee to have more than she specifically listed in her will, despite language in the will indicating the opposite. A will shall be construed to pass all property that the testator owns at death, including property acquired after the execution of the will, subject to the language of the will regarding that property, not despite the language of the will which makes no mention of that property.
Conclusion
We therefore approve the reasoning and the decision of the First District below and answer the certified question in the negative.
PARIENTE, CANADY, LABARGA, and PERRY, JJ., concur.
PARIENTE, J., concurs with an opinion.
POLSTON, C.J., and LEWIS, J., concur in result.

. Ms. Aldrich "left neither spouse nor child. Id. at 683 n. 1. Nor did any other sibling or any other offspring of predeceased siblings survive her.” Id.

. See §§ 732.502(l)(b) Fla. Stat. (2004) (requiring signature of the testator along with two attesting witnesses); 732.502(5), Fla. Stat. (2004) (codicil must be executed with the same formalities as a will).